COMMERCIAL BANK OF MAGEE *et al. v.* EVANS *et al.*[*]

(Division B.   Feb. 28, 1927.   Suggestion of Error Overruled March

28, 1927.)

[112 So. 482.   No. 26315.]

1. JUDGMENT. *Materialmen not parties to suit by assignee of contractor to compel issuance of pay certificates held not bound by judgment therein (Laws 1918, chapter 217).*

   Where suit by assignees of public contractor to require superintendent of public education to issue pay certificates for amounts claimed by plaintiffs as due them under assignments from contractor was not brought on contractor's bond under Laws 1918, chapter 217, materialmen with claims against contractor, not being parties to suit, were not bound by judgment therein.

2. MECHANICS' LIENS. *Statutory requirement that contractor's bond shall provide for prompt payment to laborers and materialmen is mandatory (Laws 1918, chapter 217, section 1).*

   Requirement of Laws 1918, chapter 217, section 1, that contractor for public building shall furnish bond, with additional obligation that he shall promptly make payments to all laborers and materialmen, is mandatory.

3. MECHANICS' LIENS. *Obligors, obligees, and sureties are presumed to know of statutory obligation of contractor's bond to pay laborers and materialmen (Laws 1918, chapter 217, section 1).*

   Obligors, obligees, and sureties of public contractor's bond under Laws 1918, chapter 217, section 1, are presumed to know that bond for prompt performance is to be executed with additional obligation that contractor shall make prompt payment to persons supplying labor or material.

4. MECHANICS' LIENS. *Although public contractor's bond be silent as to payment of laborers and materialmen, requirement therefor will be read into it (Laws 1918, chapter 217, section 1).*

   Although public contractor's bond under Laws 1918, chapter 217, section 1, be silent as to obligation of contractor to promptly pay persons furnishing labor or materials where bond has accomplished its purpose, such obligatory requirement will be read into it.

*Corpus Juris-Cyc. References: Judgments, 34CJ, p. 1043, n. 14; p. 1044, n. 16; p. 1045, n. 17; p. 1048, n. 79; Mechanics' Liens, 40CJ, p. 329, n. 41, 42; p. 333, n. 35.

APPEAL from chancery court of Simpson county.

HON. T. PRICE DALE, Chancellor.

Action by J. M. Evans and others against L. D. Owens, contractor, and sureties on his bond. Decree for the complainant and the defendants appeal. Affirmed.

*W. M. Lofton,* for appellant.

The bond of the contractor signed by these appellants, has a condition in it, which is in the following words and figures, to-wit: "Now, if the said L. D. Owens shall perform said contract in a prompt, proper and efficient manner, then this obligation shall be void; otherwise it shall remain in full force." Signing a bond with this sort of condition imposed, does not make the sureties liable for claims for labor done and materials furnished, but the lower court has decided this very question adversely to these appellants.

We are familiar with chapter 217 of the Laws of 1918, and refer this court to section 1 of that chapter. We call the attention of the court to the fact that it says that the authorities of any county, or other subdivision of the government, when letting contracts for any public works, may require the contractor to furnish bond in the usual form, with good and sufficient sureties, "With the additional obligation that such contractor or contractors shall . promptly make payments to all persons supplying labor and materials therefor" etc., but the bond in the case before this court did not contain that "additional obligation," and certainly in the absence of this "additional obligation," these appellants, who were the sureties, are not liable for these claims. This court has expressly held that the sureties on the usual bond provided for by section 361 of the Mississippi Code of 1906, and conditioned for the "prompt, proper, and efficient performance of the contract," and which did not contain "the additional obligation that such contractor shall promptly make payments to all persons supplying labor or material," are not

responsible therefor. *Pidgeon Thomas Iron Co.* v. *Leflore County et al.*, 99 So. 677, 135 Miss. 155. Of course, the bond furnished in the case just cited was a bidder's bond and when the contract was awarded to the successful bidder, under the conditions imposed in the bidder's bond, it was its duty to make a performance bond.

But this court held in that case, that the surety on the bond was not liable, because there was no bond, containing the "additional obligation" to make prompt payment to all persons supplying labor and material therefor. Certainly in the face of this decision, the court erred in overruling the demurrers, which is the first assignment of error. Then if the demurrer should have been sustained, then certainly the court erred in rendering final decree for appellees. The trustees approved the bond in the usual form, which did not contain the additional obligation that the sureties would be responsible for all claims for labor done and materials furnished in the building of the school house. Therefore, they are not liable. Now, where the bond contained the "additional obligation," to take care of the claims for labor done and performed and materials furnished in the course of the performance of the work, then, certainly the sureties are liable for such claims, and they have no right to complain because they have expressly contracted to do this identical thing. This court has recently so held, and in doing so, it was only holding the surety to his contract. This was the holding of this court in the case of the *Oliver Construction Co. et al.* v. *Dancy et al.*, 102 So. 568, 137 Miss. 474.

This court erred in overruling appellants' demurrer, and also in rendering a final decree for appellees, which constitute the only two assignments of error.

*Howie & Howie,* for appellees.

Appellees herein furnished materials to the contractor, L. D. Owens, for the construction of the said school building and the debts sued on in this cause and for

which judgment was rendered, were all for material furnished by the several appellees.

The county superintendent had paid out all of the money called for by the contract of L. D. Owens except the amount shown in the decree in this cause and had refused to pay this out until the appellees' claims were paid. The appellants and C. T. Shorter, one of the school trustees, during this time, instituted suit against Monroe Ball, superintendent of county schools, to compel him to pay the money on hand over to the appellants, claiming that they had an assignment from L. D. Owens, the contractor, which entitled them to said money. The appellants did not attempt to file suit under Code Chapter nor under chapter 128, nor chapter 217, of the Acts of 1918. There was no attempt to make all parties interested parties to their suit. In consequence, of this, the materialmen, the appellees and others, were not made parties to this suit and had no notice of the same and so did not appear therein.

A so-called agreed decree was entered in vacation by which certain distributions of the funds remaining on hand was agreed to be made. The county superintendent, Ball, however, did not agree to the decree in the form in which it was finally entered. See Transcript, pages 150 and 151. This decree was entered without the knowledge, consent or approval of the appellees and without them being in any way made parties to the suit. Appellees made proof of their claim and substantiated the same to the satisfaction of the court.

There are two points to be presented in this cause, to-wit:

First: Were the materialmen bound by a so-called agreed decree taken in vacation in a cause in which they were not parties and which cause was not filed in accordance with chapters 128 and 217 of the Acts of 1918, and which was not actually agreed to by Superintendent Ball, one of the parties thereto?

Second: Are the sureties on the contractor's performance bond relieved from the liability to the materialmen because the bond was not conditioned according to law?

Chapter 128, Laws of 1918, section 6, stated: "When suit is so instituted by any person only one action shall be brought and any person entitled to sue may, upon application, intervene and be made a party to said suit."

Chapter 217, Laws of 1918, section 4, has the same provision. Chapter 128, provided the manner in which this one suit shall be brought, the gist of which is as follows: "And thereupon all persons entitled hereunder, so far as known, shall be made parties and summoned into court to protect their rights, contest the demands of such contractor or master workmen and the other claimants; and the court shall cause an issue to be made up and tried and direct the payment of the amount found due in accordance with the provisions hereof." It is also provided that all unknown persons having or claiming any interest against the contractor or building shall be made parties defendant and publication made for them.

The bank and Mr. Shorter have no right to recover in the present case for the following reasons, to-wit:

1. Because no proof was offered by them on the trial of this cause to substantiate their claim.

2. The claim of the bank and Mr. Shorter, as far as this record discloses, was based on an assignment to them by the contractor, L. D. Owens. Section 2, of chapter 128, Laws 918, provide as follows:

"No contractor or master workman, except as hereinafter provided, shall have the right to assign, transfer, or otherwise dispose of in any way, the contract or the proceeds thereof, to the detriment or prejudice of the subcontractors, journeymen, laborers, and materialmen as declared hereinbefore and all such assignments, transfers, or dispositions shall be subordinate to the said rights of the subcontractors, journeymen, laborers and materialmen, as well as the owner."

Said assignment would be good only on proof that solvent bond had been given. Appellant wholly failed to make such proof.

3. The proceeding in which the so-called consent decree was taken was not instituted in accordance with the statute chapters 128 and 217, Laws 1918, and there was no attempt to conform to the statute in the institution of said suit.

Counsel for the bondmen have filed a brief herein in which they rely upon the fact that the bond was not conditioned as provided by the statute, in their attempt to avoid the liability to the materialmen. Chapter 128, Laws of 1918, provides with reference to the particular matter where a bond is given under the contract as in this case as follows:

"Such bond shall also be subject to the additional obligations that such contractors or subcontractors, shall promptly make payments to all persons furnishing labor or material under said contract; *and in the event such bond does not contain any such provisions for the payment of the claims of persons furnishing labor or material under said contract, such bond shall nevertheless inure to the benefit of such person furnishing labor or material under said contract, the same as if such stipulation had been incorporated in said bond.*"

The case of *Pidgeon-Thomas Iron Company* v. *Leflore County,* did not involve the same question which is involved in the present case. The bond which had been given there was a bidder's bond and not a performance bond.

*Oliver Construction Co. et al.* v. *Dancy et al.,* cited by the appellants' attorneys cannot give any comfort to their contention in this cause. The bond there given contained additional obligation prescribed by statute and the only question was as to whether the laborers and materalmen who had accepted due bills from the subcontractors could hold the bond liable.

Our statute provides both in chapter 128 and also chapter 217, Laws of 1918, that this "additional obligation" shall be incorporated in all bonds which are given to secure a performance of contracts in construction work of every kind. And, even though the statute did not provide as it does in chapter 128, Laws 1918, that the sureties should be liable to the materialmen even when this additional obligation is not written into the bond, they would still be liable, under section 1022, Code of 1906, and 742 of Hemingway's Code. It has been repeatedly held for a number of years that where the statute provides that a bond shall be conditioned in a certain manner, that it will be taken as if properly conditioned even though it be not conditioned as required by law. In other words, Code section 1022, is notice to all bondmen that when they sign a bond, even though it be not conditioned as provided by law, that they are, nevertheless, liable as provided by law and to the same extent as if the bond had been properly conditioned.

There are a number of cases sustaining our contention. In *Bank of Gulfport et al.* v. *O'Neal*, 38 So. 630, the court said: "It had, therefore, all the legal effect of a bond accurately drawn and conditioned according to section 1967. Having had the effect of a bond executed under the terms of that section, the obligors therein are liable to the same consequences. Having enjoyed the benefit and advantage, they cannot escape the penalty. This by virtue of section 946, Code of 1892."

In the case of *Rosa Clark et al* v. *R. B. Clinton*, 61 Miss. 337, the court said: "It is true the bond is in form a claimant's bond, but inasmuch as the officer having the custody of the property should only have delivered it to the plaintiff on her entering in a replevin bond, and inasmuch as the substance of the conditions of a replevin bond are found in the one given, its form is rendered immaterial by the Code. Code of 1880, section 2305."

The holdings in these cases have been followed in many

others and especially in 109 Miss., page 753, and 99 So. page 677..

### STATEMENT BY THE REPORTER

Appellee J. M. Evans, doing business as City Coal & Material Company, exhibited his bill of complaint in the chancery court of Simpson county against L. D. Owens, contractor, and J. T. Owens, W. H. Bunyard and C. T. Shorter, trustees of the New Zion School, Monroe Ball, county superintendent of education, and the board of supervisors of Simpson county, R. T. Harrelson, T. C. Wooley, Wyatt Shorter, sureties on the bond of the said L. D. Owens and all other persons furnishing labor or material for the erection of the school house for the New Zion Consolidated School District. The purpose of the original bill was to recover certain balances for material furnished in the erection of the school house. After demurrers to the bill were overruled answers were filed and the cause submitted for final hearing upon the pleadings and proof.

A contract was let by the trustees of the New Zion Consolidated School District on May 12, 1924, to L. D. Owens to build a school house for the sum of five thousand dollars and Owens made bond for performance of his contract with R. P. Harrelson, T. C. Wooley and Wyatt Shorter as sureties. The building was completed on time and approved.

The contract provided that eighty-five per cent of the labor done and materials furnished up to the first of each month was to be paid the contractor on order of the board of school trustees. When the building was completed and approved by trustees and an order signed by them for payment, F. M. Ball, county superindentent of public education, refused to issue his pay-certificate for the money. The contractor secured a loan from the Commercial Bank of Magee of three thousand two hundred twelve dollars and fifty cents to help finance the job and gave the bank an assignment of an interest in the

contract as security therefor. He made another assignment of one thousand seven hundred eighty-seven dollars and fifty cents to G. W. Shorter to pay off Shorter and other employees.

A bill was then filed in chancery court of Simpson county by the bank and Shorter to recover the amount of their assignments making Ball and the members of the county school board parties defendant. It appears that J. M. Evans, Eagle Lumber & Supply Company, and T. N. Neely, claimants in this proceeding and any and all other unknown parties, were not made parties defendant to said suit. Among other things asked for was that a mandatory injunction issue directing Ball to issue pay-certificates for amounts claimed by complainants. The bill was answered and an issue made up, and later and in vacation, when all parties and attorneys were present, a consent decree was rendered and the money was ordered disbursed to parties for amounts claimed.

After rendition of the decree, Ball, as superintendent, issued pay-certificates covering disbursements or allowances, except that the amount allowed to the Commercial Bank, was cut to two thousand seven hundred ninety-two dollars and eighty-eight cents, and the amount allowed to Shorter and others was cut down to one thousand five hundred fifty-four dollars and two cents, said Ball refusing to pay the differences. Thereafter with this difference in money lying idle in the depository the present suit was filed to subject money left in the depository to payment of claims of complainants as materialmen and praying that judgment against the sureties on the contractor's bond be awarded. There was a decree for complainants in the court below and defendants appeal.

Defendants contend that since the bond was conditioned only that if Owens should perform his contract in prompt, proper and efficient manner then the obligation should be void, it did not make his sureties liable for labor done and materials furnished under Laws of 1918,

652             ELLIS *v.* BERRY.           [Sup. Ct.

Syllabus.                    [145 Miss.

chapter 217, since the bond did not contain additional obligation that contractor should promptly make payments to all persons supplying labor or materials.

ANDERSON, J., delivered the opinion of the court.

The first suit was not brought under the statute. If it was intended to be brought under the statute, there was a failure to comply with the statute. Appellees were not parties to it, and are not bound by the judgment rendered therein.

The statute wrote into Owen's bond the condition it required to be in there. The statute is mandatory. The obligor and the obligee, as well as the sureties on the bond, are presumed to have known what the statute requires when the bond was executed. The bond having been executed, and having accomplished its purpose, the law will write into the bond what it requires should be written into it. In other words, in the execution of a bond by a contractor to do public work, so far as the condition of the bond is concerned, the law takes care of that, and makes it what it should be.

*Affirmed.*