DAY *et al. v.* ROYCE KERSHAW, INC.

(Division A.  March 20, 1939.)

[187 So. 221.  No. 33622.]

Leftwich & Tubb, of Aberdeen, for appellants.

Watkins & Eager, of Jackson, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

Royce Kershaw, Inc., entered into a contract with the State Highway Department for the construction of a public highway, and executed a bond, in accordance with section 5971, Code 1930, to secure the faithful performance thereof, with the American Casualty Company as surety thereon. This bond inures to the benefit of "all persons supplying labor or material therefor [the performance of the contract]; and any person who has fur-

nished labor or materials used therein and wherefor payment has not been made.'' Section 5971, Code 1930. The bond in addition to guaranteeing the.performance of the contract with the State Highway Department expressly provides also for ''all of the expense and cost and attorney's fees that may be incurred in the enforcement of the preformance of said contract, or in the enforcement of the conditions and obligations of this bond.'' This provision of the bond inures to the benefit of laborers and materialmen. Stowell v. Clark, 152 Miss. 32, 118 So. 370.

Royce Kershaw, Inc., sublet a portion of the contract to Addison Brannin and Robèrt Brannin, who incurred and failed to pay debts to several materialmen for material furnished and used in the performance of this subcontract. The contract of Royce Kershaw, Inc., was completed and final payment therefor was made by the State Highway Department in October, 1931. No publication of the completion of this contract was published by the State Highway Department as required by Section 5973, Code 1930, until November 20, 1936, pursuant to an order of the department therefor on November 10th of that year. Some time after the publication of this notice several of the materialmen and the two subcontractors sued on the bond hereinbefore mentioned; the materialmen for the recovery of the debts due them by the two Brannins, the subcontractors, and the two Brannins for the recovery of a balance alleged to be due them by Royce Kershaw, Inc., togther with attorneys' fees incurred by them in the enforcement of the performance of the contract of Royce Kershaw, Inc.

A plea to this declaration admitted the debts due by the two Brannins to the materialmen, set forth a tender of payment thereof to the appellants' attorneys prior to the institution of the suit, and the deposit of money to cover these amounts with the clerk of the court, and prayed that the materialmen's recovery be limited thereto. As to the two Brannins the plea admitted an indebtedness to them, but less in amount than what the defend-

ants would have to pay these materialmen and prayed for a judgment over against the Brannins for the difference between these two amounts. A replication to this plea set forth the failure of the defendants to tender any amount to cover the claimed attorneys' fees and alleged that on the contrary they had specifically declined to pay such fees. A demurrer to this replication was sustained, and, the plaintiff declining to plead further, a judgment final was rendered awarding the materialmen a recovery for the principal of their debts, and interest thereon, to the date of the tender, and a judgment over for the defendants against the two Brannins as prayed for in the plea. From this judgment, the materialmen appeal, but Brannin does not.

This plea and replication discloses that after the completion of the contract of Royce Kershaw, Inc., for the construction of the highway, but before any notice had been published of its completion by the State Highway Department, these plaintiffs sued these defendants on the debts here in question, recovered a judgment therefor, but, on appeal to this court, that judgment was reversed, and the cause was dismissed for the reason that under sections 5972 and 5973, Code 1930, as construed in United States Fidelity & Guaranty Co. v. Plumbing Wholesale Co., 175 Miss. 675, 166 So. 529, no action on the bond could be brought except by the principal obligee therein until six months after the publication of a notice by the principal obligee of the completion of the contract, and, as no such notice had then been published, the action was prematurely brought. Royce Kershaw, Inc., v. State, 176 Miss. 757, 169 So. 690. It then became necessary in order for the appellants herein to have a right of action on this bond under sections 5972 and 5973, Code of 1930, that they either induce or in some way coerce the State Highway Department into publishing this notice and their attorneys, in whose hands their claims were, succeeded in inducing the State Highway Department to publish the notice, without the institution of legal

proceedings therefor, on an agreement that the expense thereof would be paid by these appellants. The appellees' tender to the appellants was made shortly after the completion of the publication of this notice. The appellants claim attorneys' fees not only for the prosecution of the action here under consideration, but also for the prosecution of the former action in which the appellants recovered nothing.

Two questions are presented: (1) Are the appellants entitled to recover any attorneys' fees at all? And if so, (2) should the services rendered by the attorneys in the prosecution of the former action on this bond be included in the attorneys' fees here allowed? The appellees' contention is that as they tendered these materialmen the principal and interest due them under this contract prior to the expiration of the six months, within which this action could not be brought, no necessity for bringing the action and thereby incurring attorneys' fees arose, and, therefore, none such should be allowed. This argument overlooks the fact that in order to recover on the bond it became necessary for the appellants to coerce or in some way induce the State Highway Department to publish a notice of the completion of the contract. This justified, probably necessitated, the employment of attorneys to do that for which the bond promised indemnification, i. e., to enforce the performance of the contract and the conditions and obligations of this bond. That the appellees may not have participated in the default of the State Highway Department in failing to publish notice of the completion of this contract is of no consequence. The bond is not so limited but covers "all of the expense and cost and attorney's fees that may be incurred in the enforcement of the performance of said contract." The bond is so written and must be enforced accordingly. The tender being ineffective, the demurrer of the appellants' to the appellees' replication to their plea should have been overruled.

The attorneys' fees incurred by the appellants in the

former suit on this bond should not be allowed, that suit having been prematurely and wrongfully brought. The appellants also claim the right to recover the court costs incurred in this former suit. The adjudication of court costs is for the court rendering the judgment in the case in which the costs were incurred and, moreover, what has been said as to attorneys' fees applies here.

The judgment of the court below insofar as it affects the parties thereto, except the two Brannins who have not appealed, will be reversed and the cause remanded.

So ordered.