WALKER CONSTRUCTION Co., et al. *v.* CONSTRUCTION MACHINERY CORP., et al.

No. 39472 February 7, 1955 77 So. 2d 712

March 16, 1955 78 So. 2d 475

*Clay B. Tucker,* Woodville; *J. T. Lowry,* Gloster, for appellant Town of Gloster, Mississippi.

*Clay B. Tucker,* Woodville, for appellant Walker Construction Company.

*Gordon & Gordon,* Liberty; *James G. Anders, Jr.,* Gloster, for appellees.

*Gordon & Gordon,* Liberty; *James G. Anders, Jr.,* Gloster, for appellees and cross-appellants.

*Clay B. Tucker*, Woodville, for appellants and cross-appellees.

McGehee, C. J.

This is an attachment suit in chancery under Section 2729, Code of 1942, wherein the appellant Walker Construction Company, a partnership composed of N. A. Walker and R. D. Moore, nonresident of the State, and the surety Saint Paul-Mercury Indemnity Company, on the performance bond of the Walker Construction Company, were the principal defendants. The suit was begun by the Construction Machinery Corporation, a nonresident of the State, wherein it was sought to recover of the appellant Walker Construction Company, and its surety on the performance bond, the sum of $2,374.54, alleged to be due as rental of certain equipment used by the nonresident defendant Walker Construction Company in the construction of a sanitary sewerage system for the Town of Gloster, a municipal corporation in Amite County, Mississippi. Two or three different grounds were alleged to sustain the equity jurisdiction of the chancery court wherein the suit was

brought, but if the Town of Gloster, which was alleged to be indebted to, or to have the effects of, the nonresident defendant in its hands due or belonging to the nonresident contractor, Walker Construction Company, such fact would in itself be sufficient to have conferred jurisdiction on the chancery court provided the said municipal corporation was subject to be made a defendant, as garnishee, in the attachment in chancery suit, without the consent of the said municipal resident defendant.

The Town of Gloster filed a written objection to the attachment suit with the right of garnishment against it as a resident defendant, but this objection was overruled by the trial court.

Two other alleged creditors of the appellant Walker Construction Company petitioned for and were granted leave to intervene to assert their claims for money claimed to be due for the rental of other equipment for use on the construction job, they being J. E. (Scooter) Tyler and Roy M. Mitchell Contracting Company, Inc., both nonresidents of the State of Mississippi. Likewise, James L. Foreman, doing business as Foreman's Auto Service, a local resident, petitioned for and obtained leave to intervene to assert his claim for money alleged to be due for certain parts furnished and labor performed in the repair of machinery alleged to have been used by the nonresident contractor, Walker Construction Company, in connection with the construction of said sanitary sewerage system.

As a matter of precaution, the complainants had writs of attachment issued against the contractor, and filed suggestions for writs of garnishment against the Town of Gloster, and caused such writs to be issued and served, as in the case of an attachment at law, but without alleging that the contractor owned land and tenements within this State. The writs of attachment against the contractor provided for levying upon the property

of the nonresident contractor, both real and personal, but since the contractor was not alleged to own lands and tenements within this State, its personal property was not subject to attachment without the giving of a bond as if the same were attachments at law, unless such nonresident defendant owned personal property in the possession of a resident defendant.

It is immaterial whether or not the Town of Gloster was presently indebted to, or had effects of, the nonresident defendant, if the said municipality was not subject to attachment and garnishment without its consent, and where such consent had not been obtained.

Personal service of process was had on R. D. Moore, individually, and as one of the partners in the Walker Construction Company, the same having been served on December 10, 1953, the date of the filing of the original suit by the complainant, Construction Machinery Corporation. Process by publication was had on the other resident defendant, N. A. Walker. Lawful process was also had upon the contractor's surety, Saint Paul-Mercury Indemnity Company, so as to subject it to the jurisdiction of the court for the rendition of a judgment against it in personam, provided the suit was not premature as to such surety, and if it were liable for the claim sued on.

 █ However, the appellant Walker Construction Company filed motions to quash the attachment against it and to vacate the garnishments against the Town of Gloster, on the grounds that neither of the said defendants were subject to the attachments and garnishments. Upon these motions being overruled, the appellant Walker Construction Company filed answers to the several bills of complaint of the original complainant, Construction Machinery Corporation and of the intervenors. The said appellant thereby entered its appearance and subjected itself to the jursdiction of the court for a rendition of decrees in personam against it in favor

of the several complainants, provided upon a hearing of the case on its merits the said appellant contractor is shown to be liable for the claim sued on.

 The surety, Saint Paul-Mercury Indemnity Company, interposed as demurrer to each of the bills of complaint on the grounds, First, that it was not liable under the terms of its bond, made Exhibit B to the bill of complaint, for money due as rental on equipment; Second, that the construction contract, the performance of which it had become a surety, had not been completely performed at the time of the institution of the original suits and the filing of the bills of the intervenors; and, Third, that the six months had not elapsed within which the obligee in the bond, Town of Gloster, had the first right to sue the surety on the bond. This demurrer was sustained without prejudice, under and by virtue of Sections 9014, 9015 and 9016, Code of 1942. These demurrers were properly sustained on the ground that the suit had been prematurely brought, and as to the first ground of the demurrer, see McElrath and Rogers v. W. G. Kimmons & Sons, 146 Miss. 775, 112 So. 164, 680, on the question of whether a contractor's bond for public work covers only material and labor consumable in the work, and not that necessary for the contractor to have in order to perform the work.

 We are of the opinion that the objections filed in the several cases by the Town of Gloster to being made a defendant in an attachment suit in chancery, as garnishee, is controlled by the decision of this Court in the case of Dollman, et al. v. J. C. Moore, 70 Miss. 267, 12 So. 23, in favor of the contention of the said municipality. Moreover, it is conceded by the complainants in their brief that except for Chapter 321, Laws 1936, (Section 2783, Code of 1942), the rule announced in Dollman v. Moore, supra, and other decisions following that case prior to the enactment of said Chapter 321, Laws 1936 (Section 2783, Code of 1942), would

render the Town of Gloster not subject to attachment in chancery, as a garnishee, in this case. However, in our opinion, the rule announced in Dollman v. Moore, supra, as followed in subsequent cases, is still the law in this State except in cases where a complainant in attachment and garnishment proceedings is a judgment creditor. The Code section here invoked as to those governmental bodies engaged in the performance of governmental functions reads as follows:

"Section 2783. When issued on judgment or decree. —On the suggestion in writing by the plaintiff in a judgment or decree in any court upon which an execution may be issued, that any person, either natural or artificial including the State, any county, municipality, school district, board or other political sub-division thereof, is indebted to the defendant therein, or has effects or property of the defendant in his, her or its possession, or knows of some other person who is indebted to the defendant, or who has effects or property of the defendant in his, her or its possession, it shall be the duty of the clerk of such court, or of a justice of the peace in a case before him to issue a writ of garnishment, directed to the sheriff or proper officer, commanding him to summon such person, the State, county, municipality, school district, board or other political sub-division thereof, as the case may be, as garnishee to appear at the term of court to which the writs of garnishment may be returnable, to answer accordingly."

We do not think that the foregoing statute is applicable to the instant case.

The original complainant, Construction Machinery Corporation, accepted a tender of $2,167.50 as made by the nonresident defendant and paid into court, as rental on the machinery of the said complainant during the period the same was used by the contractor, and the said complainant is no longer interested in the outcome of this suit.

A demurrer filed by the nonresident defendant, the contractor, to the original bill of the complaint of the Roy M. Mitchell Contracting Company, was sustained by the trial court and the said complainant was granted thirty days within which to amend its bill of complaint. The bill was amended and no demurrer was filed to the bill, as amended. It contains as an exhibit thereto a statement of account, which shows on its face that it was rendered to a subcontractor, and/or the Walker Construction Company for rental on a ditching machine which the bill of complaint alleges was secured by the contractor through the subcontractor and used on the construction job. It is assigned as error by the contractor that the court allowed this complainant thirty days within which to file an amended bill of complaint. We do not think that this action of the court was error. The amended bill is now pending, and the complaint of the contractor is not only to the sufficiency thereof but as to the action of the court in allowing thirty days within which the same should be filed. We pretermit any decision as to whether or not the amended bill, together with the exhibit, would violate the statute of frauds, as contended for, or whether or not the same should be made more specific as to the facts relied on to show liability of the defendant contractor for the rental sued for.

The motions of the nonresident defendant to quash the attachments and garnishments should have been sustained, for the reason that the jurisdictional basis for the attachment in chancery and the garnishment against the Town of Gloster had disappeared upon the filing of objection by said municipality to being sued as a resident defendant in attachment, and as a garnishee.

Section 2729, Code of 1942, under which this suit is brought, provides, among other things, that: "The court shall give a decree in personam against such non-

resident, absent or absconding debtor if summons has been personally served upon him, *or if he has entered an appearance.''* (Italics ours.)

Therefore the interlocutory appeals granted, both to the appellants Walker Construction Company and the Town of Gloster, to settle the controlling principles of the case, are reversed to the extent that their motions to quash the attachments and garnishments were overruled; and the interlocutory appeals granted to the appellees as to sustaining the demurrers hereinbefore mentioned will be affirmed, and the cause remanded to be proceeded with as against the contractor, if the appellees should so desire.

Some of the complainants were required to give bonds as security for costs, and finally all of the intervenors, Ross Shuffield, (who appeared to intervene without pleadings), James L. Forman, J. E. (Scooter) Tyler, and Roy M. Mitchell Contracting Company, Inc., were allowed to give a bond to cover both the costs in the trial court and in this Court, with M. C. Sterling, U. S. F. & G. Company and Great American Indemnity Company, as sureties, and the said principles and sureties are to be taxed with the costs of this appeal, since the case is being reversed on the appeals taken by the Walker Construction Company and the Town of Gloster, and a judgment must be entered accordingly.

On the interlocutory appeals of the defendants the cause is reversed, and on the interlocutory appeals of the complainants the cause is affirmed, and the cause is remanded.

*Hall, Kyle, Arrington* and *Gillespie, JJ.,* concur.

ON SUGGESTION OF ERROR

ARRINGTON, J.

We have concluded that the Suggestion of Error filed by the appellees herein should be overruled, but in order to make clear what was intended by the former opinion in this cause, the Court has decided that there should be added to paragraph fourteen of the former opinion, that is to say the paragraph next preceding the last two paragraphs thereof, after the words "and the cause remanded to be proceeded with as against the contractor, if the appellees should so desire," the following: and without prejudice to the rights, if any, of the appellees, as intervenors, to proceed against the Saint Paul-Mercury Indemnity Company, as surety on the performance bond of the appellant Walker Construction Company under the contract, bond and the provisions of Sections 9014, 9015 and 9016, Code of 1942, within the time provided for after the completion of the construction contract and the publication of the notice of the completion thereof, the reason for our not having remanded the cause for this purpose in the former opinion being that so far as the Court is advised any rights of the appellees to proceed against the said surety had not matured, so far as the record disclosed, when we rendered the former opinion on February 7, 1955, and it was not intended to preclude the appellees from asserting any rights that they may have against the surety whenever their right to proceed against it may accrue, if any.

Suggestion of error overruled.

*McGehee, C. J., Hall, Kyle* and *Gillespie, JJ.,* concur.