EUCLID-MISSISSIPPI, A DIVISION OF TRIPPEER ORGANIZATIONS, INC. *v.*
WESTERN CASUALTY & SURETY COMPANY, INC., et al.

No. 42894     May 4, 1964     163 So. 2d 676

*Green, Green & Cheney,* Jackson, for appellant.

*Cox, Dunn & Clark,* Jackson, for appellee.

ETHRIDGE, J.

This is a suit on public construction, surety bonds made by Western Casualty & Surety Company, Inc. (called Western Casualty), appellee. It was brought in the Chancery Court, First District of Hinds County, by Euclid-Mississippi, A Division of Trippeer Organizations, Inc. (called Euclid). The trial court dismissed the bill of complaint, because of a prior, pending suit in the circuit court, and under the statutes the chancery court had no jurisdiction of the cause of action.

Actions on contracts for public work are purely statutory. The procedures for them are set forth in Mississippi Code 1942, Rec., sections 9014-9019. If no suit is brought by the obligee (here the State Highway Department) within six months from the completion and final settlement of the contract, then any person supplying labor or materials may be furnished with a copy of the contract and bond upon which he shall have a right of action. Code § 9015. The six months period does not begin to run until the obligee has made final settle-

ment and published notice of it in a county newspaper. Suit must be commenced within one year after that date. Code § 9016.

Code section 9017 provided:

"When suit is so instituted by any person *only one action shall be brought* and any person entitled to sue may upon application intervene and may be made a party to said suit; however, such intervention must occur within the time limited for such person to bring an original action." (emphasis added)

Effective May 15, 1962, section 9017 was amended (Miss. Laws 1962, ch. 333) to state as follows:

"When suit is instituted, any person entitled to sue may, upon application, intervene and may be made a party to said suit; however, such intervention must occur within the time limited for such persons to bring an original action. The surety on said bond, upon application duly made, shall have the right to require all known claimants under the bond to be joined as parties in any action hereunder."

In 1958 R. G. Brown, Jr. and Dorothy F. Brown, doing business as R. G. Brown, Jr. & Company, a partnership (called Brown), entered into contracts with the State Highway Department for construction of certain highway projects in Jones, Covington and Forrest counties. To guarantee the payment of all labor and material on these projects, Brown made bonds on which Western Casualty was surety. Publication by the State Highway Department of final completion of the Jones County project, pursuant to Mississippi Code 1942, Rec., section 9016, was made in a Jones County newspaper on April 5, 1962. Euclid filed the present bill of complaint in the chancery court on October 5, 1962.

Euclid's bill alleged that it had furnished certain labor and materials to repair the equipment of Brown on contracts in Jones, Covington and Forrest counties;

that it sold Brown heavy road building machinery on conditional sales contracts, and was entitled to recover against the contractor's surety for the remaining purchase price or depreciation of this machinery; and that complainant did not know upon which project each piece of equipment was used and for how long it had been used on each. The bill prayed for discovery of these facts, and for a decree against Western Casualty on the bonds for the value of the equipment covered by the conditional sales contracts which was consumed on the jobs, or, in the alternative, that it recover the amount of repairs complainant made on this equipment in order to return it to as good condition as it had been, plus a reasonable rental.

Western Casualty, Brown and others were made defendants. They filed a motion to dismiss the complaint, because it was brought within six months, contrary to Code section 9015, and thus was prematurely begun. The trial court sustained this motion, but, noting the suit had been re-filed on October 23, 1962, it ordered that the complaint be retained on file with like effect as if originally lodged with the clerk on October 23, 1962, on which new process might issue.

The defendants, except Brown, then filed a motion to dismiss the complaint, asserting that an action had been filed on October 6, 1962 upon the same surety bond, covering the same project in Jones County, in the Circuit Court of the First Judicial District of Hinds County; that the circuit court action was pending and the first to be filed on the bond; and hence it had exclusive jurisdiction under Code section 9017. At the hearing movants offered in evidence the declaration in the circuit court case, Delta Construction Company of Jackson v. Western Casualty et al., filed October 6, 1962; the process issued by the clerk in that suit; the summons with return for defendants in the circuit court action; and a filed notice of suit.

Sustaining the motion to dismiss, the chancery court held that it had no jurisdiction of the suit, since the circuit court action on the Jones County bond had been filed before the present action, and exclusive jurisdiction was in that court. This appeal is from that order.

■■ *First.* The present action in chancery court was prematurely brought, within less than six months from the date of publication of final completion. Day v. Royce Kershaw, Inc., 185 Miss. 207, 187 So. 221 (1939). Since the publication was April 5, and the complaint was filed October 5, 1962, this was within the six months which Code section 9015 allows the obligee to bring a suit concerning the contract and its performance. This provision is customary in many public works statutes. 43 Am. Jur., Public Works and Contracts, §§ 211, 212.

■■ Although the suit was prematurely brought, appellant contends, in effect, that the chancery court automatically acquired jurisdiction of the premature suit upon the subsequent expiration of the six months period, which occurred at 12:01 a.m. October 6, 1962; and that therefore this predated the filing of the circuit court action later in the day on October 6. However, jurisdiction is determined as of the time of filing suit. When the complaint was filed in chancery court, Euclid was under the prohibition of the statute, since the statutory six months period had not expired. Somewhat analogous are the decisions concerning those statutes prohibiting suits against an executor for a certain period of time after appointment. Code § 612; Reedy v. Armistead, 31 Miss. 353 (1856); 34 C.J.S., Executors and Administrators, § 729(b)(1). ■■ A cause of action must exist and be complete before an action can be commenced, and, when a suit is begun before the cause of action arises, it will generally be dismissed if proper objection is taken. 1 Am. Jur. 2d, Actions, § 87; Miller v. Fowler, 200 Miss. 776, 28 So. 2d 837 (1947).

■■ Appellant re-filed its bill of complaint on October 23, 1962, and thus apparently recognized the

fact it was prematurely filed on October 5. At any rate, if the court could acquire jurisdiction of an action prematurely filed by the mere passage of time, without re-filing or other affirmative action, the purpose of Code section 9015, prohibiting a suit being brought by one other than the obligee within six months from publication of final settlement, would be defeated in many instances. Litigants could then adopt the practice of filing premature suits in cases on public construction contracts, and permitting them to remain on file until the prohibition period ended, at which time, at 12:01 a.m., the action would comply with the statute. In such event, the earliest premature suit filed would be the one in which all claimants were required to intervene. The mere passage of time without re-filing is not sufficient. Walker Construction Co. v. Construction Machinery Corp., 223 Miss. 145, 77 So. 2d 712, 78 So. 2d 475 (1955), did not hold that a prematurely filed suit would become automatically filed upon expiration of the time, but that appellees could assert any rights they might have against the surety when their right to proceed accrued.

Closely related to this issue is United States ex rel. Texas Portland Cement Co. v. McCord, 233 U.S. 157, 34 S. Ct. 550, 58 L. Ed. 893 (1913), which involved a suit by laborers and materialmen under the Heard Act, providing for surety bonds on federal contracts. The court held the suits were brought prematurely, within less than six months after final completion and settlement, upon expiration of six months it was not automatically filed, and this was not cured by filing an amended bill more than one year after such settlement. It emphasized the fact that the statute created a right of action which did not exist before, and it was conditioned upon the fact that no suit should be brought by the government within six months, because it was only in that event the creditors had a right of action:

"The statute thus creates a new liability and gives a special remedy for it, and upon well-settled principles the limitations upon such liability become a part of the right conferred, and compliance with them is made essential to the assertion and benefit of the liability itself."

*McCord* has been followed in many cases. Perhaps the latest in principle is Alaska Mines and Minerals, Inc. v. Alaska Industrial Bd., 354 P. 2d 376 (Alaska 1960), where the court stated:

"The running of the time within which injunction proceedings might have been instituted was not suspended between the date that appellant filed its complaint and the date that it paid its tax. This is not unlike a situation where a statute forbids the commencement of an action prior to a certain time and not later than another time. If the action is filed prematurely, the expiration of the first period does not automatically revive and give life to the action. Unless a new action is commenced within the applicable period of limitation, the right is barred." See Anno., 119 A.L.R. 255, 293, 297 (1939); Price v. Price, 202 Miss. 268, 272, 32 So. 2d 124 (1947) (citing *McCord* with approval).

In summary, appellant's present chancery suit was filed prematurely. Before it was properly re-filed, the circuit court action was entered on October 6. Therefore, the circuit suit on the Jones County bond was prior in time of filing to the present action in chancery court, thus giving the circuit court exclusive jurisdiction of litigation concerning that surety bond.

*Second.* Euclid contends that the 1962 amendment to Code section 9017 eliminated the requirement that "only one action shall be brought." It is said that section 9017, as amended, when read along with section 9015, providing that any persons supplying labor or material shall have a right of action, authorizes each creditor to bring a separate suit on the surety bond,

unless the surety affirmatively requires, by motion, all known claimants to be joined as parties in a particular action. In short, Euclid says that the 1962 amendment permits more than one action, that it applies to this suit, and therefore the chancery court erred in holding the circuit court had exclusive jurisdiction under the previously filed action by a different creditor.

■■ Western Surety executed the bond in question in 1958. The contract was completed and publication made on April 5, 1962, before the effective date of the 1962 amendment to section 9017. Assuming but not deciding that the 1962 amendment authorizes separate suits by claimants on surety bonds, unless the surety applies for a joinder, it is not applicable to the bond on which this action was brought. The right of the surety to have all claims propounded in one suit was controlled by the statute effective when the bond was executed. Suits on surety bonds for public works are defined, described and limited by the pertinent statutes.

■■ Material, substantive provisions of such legislation are written into the contract and bond when the latter is executed. Commercial Bank of Magee v. Evans, 145 Miss. 643, 112 So. 482 (1927); Davis Co. v. D'Lo Guaranty Bank, 162 Miss. 829, 138 So. 802 (1932); Union Indemnity Co. v. Acme Blow Pipe & Sheet Metal Works, 150 Miss. 332, 117 So. 251 (1928); State, for Use of National Surety Corp. v. Malvaney, 221 Miss. 190, 72 So. 2d 424, 43 A.L.R. 2d 1212 (1954); U.S.F. & G. Co. v. Plumbing Wholesale Co., 175 Miss. 675, 166 So. 529 (1936); cf. U.S.F. & G. Co. v. Dedeaux, 168 Miss. 794, 152 So. 274 (1934). The Court will read the conditions required by statute into the bond. 43 Am. Jur., Public Works and Contracts, §§ 147, 148, 163; Anno., Statutory Conditions Prescribed for Public Contractor's Bond as Part of Bond Which Does Not in Terms Include Them, 89 A.L.R. 446 (1934).

■■ When the contract and surety bond involved in this suit were executed, and when the contract was

fully performed (four years later), section 9017 provided that "only one action shall be brought." This limitation furnished significant protections and benefits for the surety, and for claimants in the event of proration of bond penalties if claims should exceed the bond. Substantive provisions of the then existing public contract statutes, including section 9017, were incorporated into the bond by operation of law. This was a right vested in the parties at that time, and the subsequent 1962 amendment, enacted after the contract was fully performed, can not operate to impair or abrogate the surety's preexisting right to be sued only in one action. Moreover, by this interpretation the 1962 amendment is not given a retroactive effect, and raises no issues concerning impairment of contracts. See Havens v. Natchez Times Publishing Co., 238 Miss. 121, 117 So. 2d 706 (1960); Tucker Printing Co. v. Board of Supervisors of Attala County, 171 Miss. 608, 158 So. 336 (1934).

██ ██ There is read into a public works contract and surety bond statutory provisions that materialmen and laborers are covered by the bond, although the latter as written protected only the owner. Union Indemnity Co. v. Acme Blow Pipe & Sheet Metal Works, 150 Miss. 332, 117 So. 251 (1928). In U.S.F. & G. Co. v. Plumbing Wholesale Co., 175 Miss. 675, 685, 166 So. 529 (1936), the statutory requirements of final settlement and publication, fixing the time within which suits may be brought, were held to be part of the surety's obligation under its bond: "The time set is not alone a statute of limitation; it confers a cause of action against the surety where none existed before. Unless one of those things had happened and publication thereof had been made, no cause of action accrued. . . . One of the main features of the statute was to prevent a multiplicity of suits — to bring all interested parties into one proceeding."

The quoted statement from *Plumbing Wholesale* recognizes that one of the most important purposes of section 9017 was to channel litigation of the surety's liability into one suit only, so that "only one action shall be brought." Cohen, Public Construction Contracts and the Law (1961), p. 195, states it in this way: "The statutory requirement and the remedy . . . (are) read into the surety bond. . . . The beneficiary of a surety's statutory bond is entitled to all the remedies and procedures that are granted by statute." See United States ex rel. Texas Portland Cement Co. v. McCord, 233 U. S. 157, 34 S. Ct. 550, 58 L. Ed. 893 (1913).

Section 9017 affected more than the mode of procedure to be followed in filing suits on bonds. It prohibited a multiplicity of suits against the surety, a valuable right. Thus it defined the extent of the liabilities of the surety in the event of litigation, by limiting actions on the bond to one suit. In this material sense it was a substantive right of Western Casualty.

██ ██ The evidence offered by appellees in the hearing of their motion to dismiss the bill supported a finding that the circuit court suit was pending on the same Jones County bond involved in this case. We are not dealing with a plea of res judicata, in which the evidence of a previous adjudication between the same parties on the same issues must be clear and convincing. As evidence on the motion, the declaration in the circuit court showed that such suit was filed on the same bond by a creditor against Western Casualty. The contract and bond were attached to the declaration as exhibits. Notice of suit was filed with the circuit clerk. A return of process on Western Casualty was reflected. This was sufficient to support the plea of a pending suit. The absence of proof of publication of general notice of the suit on contractor's bond does not affect this conclusion. ██ ██ Moreover, it is the filing of the declaration which marks the date on which the action was

commenced, and not the service of process. Miss. Code 1942, Rec., § 1463; Shackelford v. New York Underwriters Ins. Co., 189 Miss. 396, 198 So. 31 (1940).

██ ██ Cause No. 43,059, Euclid-Mississippi, A Division of Trippeer Organizations, Inc. v. Western Casualty and Surety Company, Inc. et al., was submitted on April 20, 1964 and is now under consideration by this Court. It involved a suit filed in the Chancery Court of Hinds County by Euclid against Western Casualty prior to the present case. It is an action on the Covington and Forrest counties surety bonds. Ordinarily we do not judicially notice facts reflected in another case pending in this Court. Yet where cases in the same court are interwoven and interdependent, such as the present ones, the court may in its discretion take judicial notice of the proceedings in the other case. McCandless v. Clark, 172 Miss. 315, 159 So. 542 (1935). ██ ██ We take judicial notice of the facts that No. 43,059 involved the same Covington and Forrest counties surety bonds attempted to be joined in the present action with the claim on the Jones County bond; and that No. 43,059 was filed in the chancery court before the present action.

U.S.F. & G. Co. v. Plumbing Wholesale Co., 175 Miss. 675, 166 So. 529 (1936), is not applicable. It recognized the power to consolidate, for discovery, creditors' suits on three surety bonds. However, the claims asserted here on the Covington and Forrest counties bonds have been litigated in No. 43,059. Hence the fact that the present suit involved a prayer for discovery and an action on two bonds other than the Jones County bond, did not warrant proceeding on them. This suit was properly dismissed because of the pending action in circuit court on the Jones County bond. The trial court properly exercised its discretion in dismissing the entire suit, including that on the two bonds involved in the other suit.

In summary, the chancery court was correct in sustaining appellees' motion to dismiss appellant's bill of complaint, on the ground there was a prior and pending suit by creditors on the same bond in the circuit court.

Affirmed.

*Kyle, P. J., and Gillespie, Brady and Patterson, JJ.,* concur.