**EMPIRE GAS ENGINEERING COMPANY, Appellant,**

v.

**WESTERN CASUALTY AND SURETY COMPANY, Appellee.**

No. 21183.

United States Court of Appeals
Fifth Circuit.

Aug. 20, 1964.

Eugene R. Simons, Atlanta, Ga., W. S. Moore, Bob Ray, Jackson, Miss., James C. Grizzard, Grizzard, Simons & Hall, Atlanta, Ga., for appellant.

Vardaman S. Dunn, Jackson, Miss., Cox, Dunn & Clark, Jackson, Miss., of counsel, for appellee.

Before RIVES and JONES, Circuit Judges, and BOOTLE, District Judge.

PER CURIAM.

Appellant and appellee were plaintiff and defendant respectively in the court below and will be so referred to herein. Plaintiff as a sub-contractor sued the defendant, the surety on the bond of the prime contractor, R. G. Brown, Jr., and Company. The bond was written July 21, 1958, covering road and bridge work to be performed by the prime contractor for the State of Mississippi in Covington County. The bond and actions thereon are governed by Mississippi Code Annotated (1942) §§ 9014–9019. These code sections insofar as here pertinent, are summarized by the Supreme Court of Mississippi in its recent decision in the case of Euclid-Mississippi, A Division of Trippeer Organizations, Inc. v. Western Casualty and Surety Company, Inc., et al., 163 So.2d 676 (Miss.1964) as follows:

"Actions on contracts for public work are purely statutory. The procedures for them are set forth in Mississippi Code 1942, Rec., sections 9014–9019. If no suit is brought by the obligee (here the State Highway Department) within six months from the completion and final settlement of the contract, then any person supplying labor or materials may be furnished with a copy of the contract and bond upon which he shall have a right of action. Code § 9015. The six months period does not begin to run until the obligee has made final settlement and published notice of it in a county newspaper. Suit must be commenced within one year after that date. Code § 9016.

"Code section 9017 provided:

" 'When suit is so instituted by any person *only one action shall be brought* and any person entitled to sue may upon application intervene *and may be made a party to said suit;* however, such intervention must occur within the time limited for such person to bring an original action.' (emphasis added)

"Effective May 15, 1962, section 9017 was amended (Miss.Laws 1962, ch. 333) to state as follows:

" 'When suit is instituted, any person entitled to sue may, upon application, intervene and may be made a party to said suit; however, such

intervention must occur within the time limited for such persons to bring an original action. The surety on said bond, upon application duly made, shall have the right to require all known claimants under the bond to be joined as parties in any action hereunder.'"

The State of Mississippi accepted the job as completed and published notice of acceptance in a newspaper of general circulation in Covington County, Mississippi, on August 11, 1961. Six months expired and no suit was filed by the State of Mississippi.

The complaint was filed in the lower court on February 16, 1962, and process was served on the same date. Two days earlier, February 14, 1962, a bill of complaint had been filed in the Chancery Court of the First Judicial District of Hinds County, Mississippi, on the same bond which is the basis of the case at bar. Advance costs were paid in the state court suit on February 19, 1962, and process was issued on that date and was served on Western Casualty and Surety Company on February 20, 1962. In that case, notice of suit and summons to all persons having claims was published on February 23rd, March 2nd, and March 9th, 1962, in a newspaper of general circulation in Covington County, Mississippi, as required by Code Section 9019. In the case at bar, like notice was published in the same newspaper on the later dates, April 13th, 20th, and 27th, 1962.

The defendant in the case at bar moved for a summary judgment based upon the prior filing and pendency of the state court suit. The District Court in a letter opinion expressed its views that in the first suit filed, the state court suit, the court obtained exclusive jurisdiction of the litigation; that the date of filing the complaint in that case, rather than the date of the service of process, was the date of the institution of the cause of action; that the amendment of 1962, by its terms effective May 15, 1962, was prospective only and had no applicability to the case at bar; that the Surety Company had a vested right of contract to have all of the claims litigated in that first filed suit; and that the District Court in the case at bar never acquired jurisdiction of the subject matter. Accordingly, defendant's motion for summary judgment was granted.

 Appealing from that judgment, plaintiff contends first, that if the District Court did not have jurisdiction prior to the amendment of May 15, 1962, it acquired jurisdiction by virtue of that amendment, and, second, that since service of process was accomplished in plaintiff's suit earlier than in the state court suit, plaintiff's suit must be regarded as having been instituted prior to the state court suit though actually filed later than the state court suit. These contentions of plaintiff have been fully considered and authoritatively rejected by the Supreme Court of Mississippi in the Euclid-Mississippi case, supra. It was there said: "Assuming but not deciding that the 1962 amendment authorizes separate suits by claimants on surety bonds, unless the surety applies for a joinder, it is not applicable to the bond on which this action was brought. The right of the surety to have all claims propounded in one suit was controlled by the statute effective when the bond was executed. * * * Moreover, it is the filing of the declaration which marks the date on which the action was commenced, and not the service of process."

On the basis of Euclid-Mississippi, supra, the judgment appealed from is

Affirmed.