EUCLID-MISSISSIPPI, A DIVISION OF TRIPPEER ORGANIZATIONS, INC. *v.*
WESTERN CASUALTY & SURETY COMPANY, et al.

No. 43167 October 19, 1964 168 So. 2d 122

*Green, Green & Cheney,* Jackson, for appellant.

*Cox, Dunn & Clark,* Jackson, for appellee.

ETHRIDGE, J.

This suit was initiated in the Circuit Court of Hinds County by Delta Construction Company against Western Casualty & Surety Company (called Western) and another, on the bond of Western for a highway project being constructed in Jones County by R. G. Brown, Jr. & Company (called Brown) under contract with the State Highway Department. Euclid-Mississippi, a Division of Trippeer Organizations, Inc. (called Euclid) intervened and filed a claim on Western's bond. The circuit court considered the issues on numerous pleadings and a stipulation of facts, and dismissed with prejudice Euclid's intervention petition.

 █ This is the suit on the Jones County project, which was the basis of a prior dismissal of Euclid's complaint in chancery court. Euclid-Miss. v. Western Cas. & Sur. Co., 163 So. 2d 676 (Miss. 1964). The present claim is based upon two invoices for repairs of heavy construction equipment. They show on their face that the repairs were made after repossession by Euclid, which was the conditional vendor of the equipment. This issue was decided in the second Euclid case. Euclid-Miss. v. Western Cas. & Sur. Co., 163 So. 2d 904 (Miss. 1964). It held that the cost of repairs by a conditional vendor, after repossession, of expensive, long-lived construction equipment could not be recovered in a suit on a highway surety bond. Both the pleadings and stipulation reflect that the repairs were made considerably after repossession. The second Euclid case constitutes stare decisis on this issue, and controls it.

Affirmed.

*Kyle, P. J., and Gillespie, McElroy and Brady, JJ.,* concur.