# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-CP-01452-SCT

*MICHAEL TODD CROWLEY AND
EDWARD BLACKMON, JR.*

*v.*

*ROBERT G. GERMANY AND PITTMAN,
GERMANY, ROBERTS & WELSH, LLP*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/27/2017 |
| TRIAL JUDGE: | HON. STEPHEN B. SIMPSON |
| TRIAL COURT ATTORNEYS: | MICHAEL TODD CROWLEY |
| | FRED KRUTZ, III |
| | DANIEL J. MULHOLLAND |
| | R. DAVID KAUFMAN |
| | JOSEPH ANTHONY SCLAFANI |
| | STUART ROBINSON, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | MICHAEL TODD CROWLEY (PRO SE) |
| | EDWARD BLACKMON, JR. (PRO SE) |
| ATTORNEYS FOR APPELLEES: | DANIEL J. MULHOLLAND |
| | FRED KRUTZ, III |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 12/13/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2017-CA-01635-SCT

*ASHLEY DEJANAE STOWERS, INDIVIDUALLY AND AS WRONGFUL DEATH BENEFICIARY OF RODNEY SANDRELL STOWERS AND DELIE M. SHEPARD, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF RODNEY SANDRELL STOWERS, AND ON BEHALF OF ALL THE WRONGFUL DEATH BENEFICIARIES OF RODNEY SANDRELL STOWERS*

*v.*

*ROBERT G. GERMANY, BOTH INDIVIDUALLY AND AS AGENT/EMPLOYEE/REPRESENTATIVE /PARTNER ASSOCIATE/OFFICE/DIRECTOR OF PITTMAN, GERMANY, ROBERTS & WELSH, L.L.P. AND PITTMAN, GERMANY, ROBERTS & WELSH, L.L.P.*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/27/2017 |
| TRIAL JUDGE: | HON. STEPHEN B. SIMPSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | MICHAEL TODD CROWLEY |
| | EDWARD BLACKMON, JR. |
| ATTORNEYS FOR APPELLEES: | DANIEL J. MULHOLLAND |
| | FRED KRUTZ |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 12/13/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., KING AND ISHEE, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1.     This case concerns release language in a settlement agreement.  We must determine if the circuit court abused its discretion by enforcing a settlement agreement using specific release language that required the Plaintiffs' attorneys' signatures.  Finding that the circuit court abused its discretion, we reverse the Order Enforcing Settlement Agreement and

Judgment of Dismissal and remand the case for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶2.     This case began as a legal malpractice action by Delie Shepard and Ashley Stowers (the Plaintiffs) against Robert Germany and his law firm, Pittman, Germany, Roberts & Welsh, LLP. Shepard and Stowers were represented by Michael Crowley and Edward Blackmon; Germany and his firm were represented by Fred Krutz and Daniel Mulholland. After several years of litigation and mediation, the parties reached a settlement. In the settlement, Shepard and Stowers agreed "to execute a Full and Complete Release." The parties agreed to and memorialized the essential terms of their settlement in an email exchange. Although the essential terms were agreed upon, Crowley's email to Krutz did not specify the precise language of the "Full and Complete Releases."

¶3.     The proposed release required signatures from Crowley and Blackmon, the Plaintiffs' attorneys. The specific language in the proposed release was "Agreed to and Approved By . . . ." After additional discussion, this language was eventually changed to "Approved By Michael Todd Crowley And Edward Blackmon Jr. In Their Capacity As Lawyers For [the Plaintiffs]." Crowley and Blackmon still refused to sign the releases because they were concerned that signing such a release would have been interpreted to mean that they were parties to the settlement agreement, resulting in personal liability and a potential obligation to indemnify.

¶4.     After further exchanges, Shepard and Stowers proposed alternative releases, reflecting

3

Crowley's and Blackmon's willingness to sign the releases as to the form but not the content of the releases. Germany rejected the alternative releases, insisting on the language proposed by his attorneys.

¶5. Then, the parties returned to court. Believing that the parties had a meeting of the minds on the essential terms of the settlement in the email exchange, Germany moved to enforce the settlement agreement using the release language proposed by his attorneys. Shepard and Stowers later filed their own motion to enforce the settlement agreement using their proposed releases. Before Shepard and Stowers filed their motion, the circuit court held a hearing on Germany's motion to enforce the settlement agreement. The circuit court entered an Order Enforcing Settlement Agreement and Judgment of Dismissal.

¶6. Shepard and Stowers then filed a motion for findings of fact and conclusions of law under Mississippi Rule of Civil Procedure 52(a). The circuit court denied the motion. Unsatisfied with the order enforcing the settlement agreement, which required their signature on the releases, Crowley and Blackmon filed an emergency petition for writ of prohibition with this Court, which was ordered to be treated as a Notice of Appeal. They later filed a notice of appeal in the underlying case on behalf of Shepard and Stowers. The appeal sought essentially the same relief as Crowley and Blackmon's petition, so this Court consolidated the cases.

**DISCUSSION**

¶7. This Court reviews rulings on motions to enforce settlement agreements for abuse of

4

discretion. ***Ill. Cent. R.R. Co. v. Byrd***, 44 So. 3d 943, 947 (Miss. 2010). Settlement agreements are "are contracts, made by the parties," which will be enforced by the law. ***McManus v. Howard***, 569 So. 2d 1213, 1215 (Miss. 1990). This Court has held that "in order for there to be a settlement, there must be a meeting of the minds." ***Hastings v. Guillot***, 825 So. 2d 20, 23 (Miss. 2002). Neither party disagrees a "meeting of the minds" occurred as to the essential terms of the deal, therefore an agreement existed.

¶8.     This Court has held that "courts may supply reasonable terms which the parties omitted in the contracting process." ***Duke v. Whatley***, 580 So. 2d 1267, 1273-74 (Miss. 1991). We find that the emails memorializing the settlement did reflect the parties' agreement on all material matters involving settlement, compromise, and dismissal of all claims by the plaintiffs. Although Crowley and Blackmon testified that they agreed to the terms of the release "as it relates to the plaintiffs releasing those rights and binding themselves as to the release," they did not agree to signing the document with Germany's release language because they believe such language could be interpreted to mean that they were parties to the contract potentially subject to personal liability and indemnity obligations. We agree.

¶9.     The circuit court erred by forcing Crowley and Blackmon to sign the agreement as releasors. Section 1 of Germany's proposed releases of both Shepard and Stowers (the releases ultimately incorporated into the circuit court's order) specifies that "[their] attorneys" are releasors. Specifically, as to Stowers, Section 1 provides,

> The Releasors are [Stowers], *her attorneys*, agents, servants, representatives, heirs, beneficiaries, insurers, reinsurers, predecessors, and successors in

interest, and assigns, and all persons or entities asserting any claim to any portion of the settlement amounts to be paid to [Stowers], including of any of Releasors.

(Emphasis added.) And as to Shepard, Section 1 provides,

The Releasors are [Shepard], Individually and as Administratrix of the Estate of Rodney Sandrell Stowers, and on behalf of all the Wrongful Death Beneficiaries of Rodney Sandrell Stowers. This Release releases all claims of all persons or entities asserting any claim to any portion of the settlement amounts to be paid to Ashley deJanae Stowers, *including the attorneys*, agents, servants, representatives, heirs, beneficiaries, insurers, reinsurers, predecessors and successors in interest, and assigns, of any of Releasors. This executed document agrees to dismiss all claims of [Shepard], Individually and as Administratrix of the Estate of Rodney Sandrell Stowers, and on behalf of all the Wrongful Death Beneficiaries of Rodney Sandrell Stowers against Releasees.

(Emphasis added.) Further this release provides the following:

Releasors further agree that they will indemnify, defend, and hold Releasees harmless from any and all further claims arising from the Released Claims or any injuries or damages arising from Released Claims. Plaintiffs' counsel have no indemnity obligations under the releases.

Although the release states that "Plaintiffs' counsel [has] no indemnity obligations under the releases," Crowley and Blackmon are named as releasors, and the agreement states that releasors "agree to indemnify, defend and hold Releasees harmless." Because of this inconsistency, the inclusion of "her attorneys" (Crowley and Blackmon) in the release could be interpreted as including Crowley and Blackmon as parties to the contract subject to personal liability and indemnity obligations.

¶10.   A judgment may not be enforced against persons who are not parties to an action. *See*

***Commercial Bank of Magee v. Evans****,* 145 Miss. 643, 112 So. 2d 482, 483 (1927). *See also*

***A1 Fire Sprinkler Contractors, LLC v. B.W. Sullivan Bldg. Contractor, Inc.***, 217 So. 3d

6

731 (Miss. Ct. App. 2017). Crowley and Blackmon never became parties to this action; they were merely attorneys of the Plaintiffs. Since Crowley and Blackmon were not parties to the action, forcing them to sign the agreement using Germany's release language was unnecessary and amounted to an abuse of discretion.

## CONCLUSION

¶11. The circuit court erred by enforcing the settlement agreement using the specific release language requiring Crowley's and Blackmon's signatures. The language of the release could have been interpreted to make Crowley and Blackmon releasors and therefore parties to the suit.

¶12. We reverse the Order Enforcing Settlement Agreement and Judgment of Dismissal and remand the case to the circuit court for further proceedings consistent with this opinion.

¶13. **REVERSED AND REMANDED.**

**WALLER, C.J., RANDOLPH, P.J., KING, COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR. KITCHENS, P.J., NOT PARTICIPATING.**