CHARLES H. LEVY et al.

*vs.*

JOHN H. WEBSTER AND ELIZA J. WEBSTER.

Cumberland.    Opinion April 25, 1910.

*Guaranty.    Remedies.    Parties.    Joinder.*

A guarantor is not suable jointly with the maker of the principal contract. Their contracts are distinct and not joint, and the guarantor must be sued separately upon his contract of guaranty, and not jointly upon the principal contract.

*Held:* That an indorsement on a note, "I hereby guarantee payment of the within note," constituted a contract of guaranty, on which the guarantor must be sued separately from the maker of the note.

·On motion and exceptions by defendant, Eliza J. Webster. Motion sustained.    Exceptions not considered.

Action of assumpsit against the defendants jointly on a promissory note, brought in the Portland Municipal Court, Cumberland County, where judgment was rendered for the plaintiffs and the defendants appealed to the Superior Court in said County.    Defendant John H. Webster pleaded the general issue and Eliza J. Webster, the other defendant pleaded the general issue with a brief statement alleging that the note was procured by duress.    At the conclusion of the evidence in the Superior Court, the presiding Justice directed a verdict against the defendant Eliza J. Webster and by agreement also directed a verdict in favor of the defendant John H. Webster.

The defendant Eliza J. Webster excepted to the order directing a verdict against her and also filed a general motion for a new trial.

The case is stated in the opinion.

*E. L. Wilson*, for plaintiff.

*S. L. Bates*, for John H. Webster.

*Dennis A. Meaher*, for Eliza J. Webster.

SITTING: EMERY, C. J., PEABODY, SPEAR, CORNISH, KING, BIRD, JJ.

KING, J.    John H. Webster, one of the defendants, gave the note in suit to save himself from being committed to jail on a writ against him in an action of trover.    At the time the note was given, at his request, the other defendant, Eliza J. Webster, signed an indorsement on the back of the note "I hereby guarantee the payment of the within note."    This is an action of assumpsit against the defendants jointly on the note, and the defense was duress.    The presiding Justice instructed the jury that no duress had been proved that would avoid the contract of Eliza J. Webster and directed a verdict against her.    By agreement of counsel a verdict was also directed in favor of John H. Webster.    The case comes before this court on exceptions by Eliza J. Webster and upon her motion to have the verdict against her set aside on the usual grounds.

It is elementary law that a guarantor is not suable jointly with the maker of the principal contract.    Their contracts are distinct and not joint.    The guarantor must be sued separately upon his contract of guaranty, and not jointly upon the principal contract, *Reed* v. *Cutts*, 7 Maine, page 189 ; *Smith* v. *Loomis*, 72 Maine, page 55.    The contract of Eliza J. Webster was, by its express terms, that of a guarantor.    The evidence established separate and distinct contracts and not a joint contract.    Accordingly the entry in this case must be that the verdict ordered against Eliza J. Webster be set aside and a new trial granted.

*So ordered.*