United States Fidelity & Guaranty Co. *v.* Mobley.*

(Division B, May 24, 1926.)

[108 So. 501. No. 25720.]

1. HIGHWAYS. *As action to recover on bond executed by road contractor is statutory, and requirements must be observed in all essential respects to recover thereunder (Laws 1918, chapter 217).*
    Laws 1918, chapter 217, provides a definite procedure to be followed in bringing action on bond executed by road contractor, and, as action is statutory, requirements must be observed in all essential respects in order to recover thereunder.

2. HIGHWAYS. *Failure in suit on bond of road contractor to publish notice in county where work was done held fatal error, notwithstanding such failure was not pleaded in abatement nor called to court's attention in any other way (Laws 1918, chapter 217, sections 4, 6).*
    In action under Laws 1918, chapter 217, to recover on bond of road contractor, failure to make publication in county where

work was done as required by section 6 *held* fatal error, notwithstanding failure was not pleaded in abatement nor called to court's attention any other way, since section 4 requires there should be but one suit, and necessary parties are to be brought in by such publication.

*Corpus Juris-Cyc. References:   Highways, 29CJ, p. 612, n. 49.

Appeal from chancery court of Perry county.
Hon. V. A. Griffith, Chancellor.
Suit by H. M. Mobley against W. D. Mobley, J. R. S. Edwards, and the United States Fidelity & Guaranty Company. Decree for plaintiff against defendant last named, and it appeals. Reversed and remanded.

*Stevens & Heidelberg,* for appellant.

I. *Insufficient notice published of pendency of suit.* The lower court proceeded to an adjudication of the case in face of the fact that the notice required to be published under the provisions of chapter 217, Laws of 1918, section 6 thereof, had not been "published in the county or town where the contract is being performed." The only notice was published in Perry county and even though properly published in that county, did not comply with said act.

If such a notice had been published in Jefferson county as the one published in Perry county, it would not have been sufficient notice to other interested parties on account of the fact that it does not sufficiently identify the contract sued on, or the work or project involved in the suit. A person having a claim against the same contractors and their surety on the said project in Jefferson county would not be advised by such a notice as the one in question that there was a suit pending with reference to that particular project, in which they were expected to appear and propound any claim they might have.

The act contemplates only one suit which would be for the equal benefit of all claimants and that all claims be

heard in this one suit and the rights of all claimants adjudicated therein. The scheme of the statute to allow only one suit to which all persons having an interest must be invited is a wise one designed to protect the interests of the public and those who furnish labor and material going into public work and at the same time protects the surety against any exceeding of the limit of the surety's liability on the bond. Such other claimants are *necessary parties* to a suit instituted on the bond by any party interested. Decree could not be rendered in view of the lack of notice to other claimants. Mississippi Chancery Practice, at section 107 et seq.

We confidently submit that the complainant and the court were without power to proceed to a final decree in this matter until the statutory notice to all parties by due publication had been given and proof thereof submitted to the court.

That the objection that a necessary party is not joined in the suit may be made in the answer and availed of on the trial or appeal, we submit has been decided in the affirmative by this court. *Rodd* v. *Dirbridge,* 53 Miss. 696; *Griffin* v. *Lovell,* 42 Miss. 404; *Clayton* v. *Merrett,* 52 Miss. at 360.

The distinction between a proper party and a necessary party is treated in *Eustice* v. *Holmes,* 52 Miss. 305; *Beason* v. *Coleman,* 92 Miss. 626; 1 Cyc., p. 129.

As stated by the learned chancellor, the new Chancery Practice Act does not apply to the pending suit and the question of procedure here under discussion must be solved under the practice obtaining prior to the adoption of that act.

*N. C. Hill,* for appellee.

Counsel for appellant contend that sufficient notice was not given by publication to the creditors of the contractors, if any there were, of the pendency of this suit,

and they ask for a reversal of the decree on that ground; but, we submit, making publication of notice to creditors is not jurisdictional, but merely directory; that the court obtained jurisdiction of the cause and of the parties necessary when summons was served upon them to respond to and make defense of the claim against them filed by appellee; the said contractors and the surety on their bond, appellant here, upon being served with process to answer as a defendant, appeared and obtained an order from the court allowing them sixty days in which to answer suit; they made no objection that proper notice to all creditors to appear had not been given; they appeared just before the next term of the court, filed an answer and cross-bill, but made no objection that necessary or proper parties had not been brought into the cause, but consented in writing that the cause should be continued for the term and agreed that it be set for trial in vacation; and appeared at the time and place fixed for the hearing on its merits with their witnesses when the case was threshed out on the issues presented by the pleadings, without making request that the cause be delayed because of want of sufficient publication for creditors to propound their claims or objecting to the trial of the cause for the want of jurisdiction of the court to try it until sufficient publication was made; and, in fact, made no claim or contention at said trial of the insufficiency of the notice to creditors except merely to refer to it rather casually in their argument to the court.

We submit that the provision in the statute with reference to giving notice by publication to other creditors was made for the benefit of the surety on the bond of the contractor, and not for the benefit of the creditor who was seeking relief against it, and that it was the duty of the appellant, and not of the appellee, if such publication were absolutely necessary and jurisdictional to see that such publication was made; and if we are

mistaken in this, then it was the duty of the appellant before the trial was had to call the court's attention to the fact that sufficient publication had not been made for other creditors and lienholders of the contractors, and to ask that correct publication be had as required by law; but having failed so to do, and having entered upon the trial of the case as raised by the pleadings, it is too late now to claim that the court was without authority to try the cause and to pronounce final judgment therein.

Holden, P. J., delivered the opinion of the court.

The appellee, H. M. Mobley, brought this suit in the chancery court of Perry county against W. D. Mobley, J. R. S. Edwards, and the appellant, the United States Fidelity & Guaranty Company, surety on the bond of Mobley and Edwards, who had contracted for the construction of a road in Jefferson county, Miss. The claim of appellee, Mobley, was for labor and material furnished by him in the construction of the road, and for which the contractors and their surety were due him one thousand nine hundred seventeen dollars and sixty-five cents. Upon a hearing before the chancellor on the merits, a recovery in favor of Mobley was allowed against the appellant surety company, from which decree this appeal is prosecuted.

The suit is based upon chapter 217, Laws of 1918, which provides for a bond to be executed by the contractor who undertakes to construct any public work, which bond obligates that such contractor or his surety shall pay all persons supplying labor or material therefor, and that any person who has furnished labor or materials shall have the right to sue upon the bond for any amount remaining due and unpaid to such person for labor or materials furnished in the construction of the work. Section 4 of the chapter provides that—"When suit is so

instituted by any person only one action shall be brought and any person entitled to sue may upon application intervene and may be made a party to said suit,'' etc.

Section 6 of the chapter provides that—''In all suits instituted under the provisions of this act, notice of the pendency of such suits shall be made by publication in some newspaper of general circulation published in the county or town where the contract is being performed,'' etc.

So it will be observed that the chapter provides an express method of procedure to recover against a contractor and his surety by any person who has furnished labor or material in the construction of the work.

At the trial of the case it appeared that the notice of the suit required to be published in a newspaper in the county where the work was done was not published in a newspaper in the county of Jefferson where the road was constructed, but was only published in a newspaper in the county of Perry where the cause was tried.

When the fact that no notice had been published in the county where the road was constructed was called to the attention of the court, it was urged that no decree could be rendered in the proceeding until such publication was made as required by section 6 of the said chapter. The court held, however, that the position was not maintainable because the fact must have been pleaded in abatement, and that, it not having been pleaded in abatement and a ruling secured thereon before entering upon the trial in chief, such defense was waived by the appellant, that the failure to publish the notice in Jefferson county should have been raised by a separate plea in abatement previous to the filing of an answer, as was required by the practice at the time this suit was filed, and that even now, under the new practice allowing abatement matters to be pleaded in the answer, it should have been distinctly pleaded therein and raised for disposition before entering upon the merits, and that the absence of such action on the part of the defendant below

amounted to a conclusive waiver of the defense, and could not be raised on or after the trial. It is also urged here that the point cannot be raised in this court because it was thus waived in the lower court.

We are constrained to disagree with the view adopted by the chancellor in this regard. Chapter 217, Laws of 1918, provides the definite procedure to be followed in such cases, and, as the action is statutory, the requirements must be observed in all essential respects in order to recover thereunder. The essentials of the statute must be pleaded and proven by the plaintiff. One of the essential requirements is that publication of the suit be made in the county where the work was done. It is unnecessary for us to suggest the reason why the legislature saw fit to make this provision. The required publication of the notice in Jefferson county where the road was constructed was not made; the only notice published was in a newspaper in Perry county, where the suit was tried.

The failure to follow the statute in this fundamental respect was fatal error, because no decree could be rendered in the cause without a publication of the notice in the proper county. This notice seems to be in the nature of due process, and whether the failure to publish the notice in Jefferson county was pleaded in abatement, or called to the attention of the court in any other way, cannot be deemed a waiver, for the reason that the statute requires that there be but one suit, and that the necessary parties are to be brought in by such publication, and therefore no valid decree could be rendered under the statute unless its essential requirements are complied with by the court.

We think that if the parties to be brought in by the publication of the notice of suit were merely proper parties, and not necessary parties, under the statute, then a decree without them might be valid, but where the parties are necessary, as the statute in this case

makes them, a decree without bringing them in cannot be upheld.

. In view of these conclusions, the decree of the lower court is reversed and the case remanded.

*Reversed and remanded.*