UNITED STATES FIDELITY & GUARANTY CO. *v.* DEDEAUX *et al.*

(Division B. Jan. 22, 1934.)

[152 So. 274. No. 30938.]

J. A. Covington, **Jr.**, of Meridian, for appellant.

**J. D. Martin** and **R. S. Tullos,** both of Raleigh, for appellees.

**Griffith, J.,** delivered the opinion of the court.

Clark & McCaa contracted with the state to construct or reconstruct a certain road in Smith county, and thereafter the said principal contractors let a subcontract for the clearing, grubbing, and sodding of said road project to Davis & McBride. The said subcontractors gave bond to the principal contractors for the faithful performance of the subcontract with appellant as surety on the bond. The subcontractors in their attempt to perform their subcontract became indebted to appellees for divers amounts alleged to be for materials furnished to them in the furtherance of the work.

The sum due appellees by the subcontractors not having been paid, appellees filed suit in the chancery court of Smith county on April 1, 1932, against the principal contractors and against the surety of the subcontractors to enforce collection of their said debts against the bond given as aforesaid. The surety appeared at the May, 1932, term of the court and answered. In its answer it incorporated a plea that on February 19, 1932, a suit had been filed in the chancery court of Lauderdale county upon the same bond and against the same surety by a person who had furnished labor and materials to said subcontractors on the same subcontract, and that all other persons interested therein had been summoned to appear and intervene in said Lauderdale county suit, and that appellees had on dates previous to the convening of said term in Smith county been served with summons in the Lauderdale county suit. With this plea there was filed as an exhibit a certified copy of the proceedings in Lauderdale county showing that the chancery court there had properly acquired jurisdiction of the suit before the filing of suit in Smith county.

In response to said plea, appellees contended that section 5976, Code 1930, had not been complied with in the Lauderdale county suit and relied on United States Fi-

delity & Guaranty Co. v. Mobley, 143 Miss. 512, 108 So. 501. Neither the section nor the case cited is applicable here. That section and the cited case deal with a case where the materials have been furnished to the principal contractor, and where the suit is on the bond of the principal contractor. In the case at bar the materials were furnished to a subcontractor whose bond ran not to the state or county, but to the principal contractor and is governed therefore not by sections 5971-5976, Code 1930, but by sections 2276-2281, Code 1930. Davis v. Guaranty Bank, 162 Miss. 829, 138 So. 802. The effort of appellees to bring themselves within sections 5971-5976 by suing the principal contractors instead of the subcontractors is ineffective, because the bills and petitions of appellees show that the materials were furnished and charged to the subcontractors, not to the principal contractors, and the bond sued on is the bond of the subcontractors, not that of the principal contractors.

Section 2279, Code 1930, provides that but one suit shall be brought under such a bond, and that when one person entitled to sue has brought suit, all other persons interested may intervene, and by section 2281, Code 1930, it is enacted that the parties interested shall be summoned as provided by section 2264, Code 1930, which is the general section governing the summoning of parties touching controversies respecting statutory liens. It is not required by the statutes in respect to suits on bonds by subcontractors, the private bonds given by them to the principal contractor, that publication shall be made as mentioned in section 5976, Code 1930, which applies only to suits on the public bond given by the principal contractor. Apparently the same reasons exist for the requirement of publication where a private subcontractor's bond is involved, but the Legislature did not so enact and we are not authorized to supply the omission by judicial construction, which, of course, would plainly be judicial legislation.

Since the statute expressly provides that only one suit shall be brought, it follows necessarily that the first suit instituted in a court of competent jurisdiction, competent both as to subject-matter and as to parties, must be the suit which must be allowed to determine all the issues and claims, and, since it appears from the certified exhibits that the chancery court in Lauderdale county had first obtained competent jurisdiction, 'any subsequent suit should be abated and dismissed, and all the parties remitted to the first suit for the adjudication of their rights under the bond.

Reversed and dismissed.