STANDARD ACCIDENT INSURANCE COMPANY *v.* STANDARD OIL COMPANY, INC., IN KENTUCKY

No. 41975          October 16, 1961          133 So. 2d 539

*Cox, Dunn & Clark,* Jackson, for appellant.

*Watkins & Eager,* Jackson, for appellee.

LEE, P. J.

This is an appeal by Standard Accident Insurance Company from a judgment, on the pleadings, rendered by the Circuit Court of the First Judicial District of Hinds County, whereby Standard Oil Company, Inc., in Kentucky, the plaintiff therein, was awarded the principal sum of $502.03, plus an attorney's fee of $100.00, and interest thereon.

The parties concede that the sole question in this case is whether Sec. 253, Code of 1942, Rec., dealing with the discharge of a surety if the creditor fails to sue the principal debtor when notified in accordance with the provisions of the statute, is applicable where the surety is bound on a public construction bond.

The litigation arose in this way: Dixie Contractors, Inc., on September 9, 1958, entered into a contract with the Mississippi State Highway Commission to do certain road construction work. In accordance with Secs. 9014 and 9014-01, Code of 1942, Rec., and the requirement of the Highway Commission, Dixie and its surety, Standard Accident Insurance Company, executed a bond, which, among other things, provided that Dixie "shall promptly pay * * * all persons furnishing labor, material, equipment or supplies therefor * * * and all of the expense

and cost and attorneys' fees that may be incurred in the enforcement of the performance of said contract, * * *.''

Thereafter Dixie sublet a portion of the work to T. J. Perry without requiring the execution of a bond therefor. During the months of October and November 1958, Perry purchased from Standard Oil Company diesel fuel and other lubricants of the value of $502.03, which were used by him in carrying out his contract. He failed and refused to pay for such materials, and Dixie did likewise.

When Dixie completed its contract and it was accepted, publication thereof was made as required by the statute. Standard Oil then made demand upon the surety for payment. Standard Accident and Dixie, in turn, demanded that Standard Oil first sue Perry, and invoked their alleged rights under said Sec. 253. Standard Oil offered to comply with this request, if Standard Accident would pay the fee of the attorney which would be incurred in such suit. This offer was refused. Thereupon Standard Oil refused to sue Perry, but instead, when the necessary time had elapsed, it filed its suit against Standard Accident.

Section 9014, supra, requires that any person, entering into a formal contract with the state, or any political subdivision whatever for the construction of any building or work, before commencing the same, shall execute the usual bond with good and sufficient sureties with the obligation that ''such contractor or contractors shall promptly make payment to all persons supplying labor or material therefor * * *.'' Under Sec. 9014-01, it is required that the bond shall contain an additional obligation for the payment of damages, penalties and interest thereon.

Section 9015 of the Code sets out the circumstances under which a person, who supplies labor and materials, shall have a right of action against the contractor and the sureties as follows: ''If no suit should be brought by the obligee within six months from the completion and final settlement of said contract, *then any person*

*supplying therein labor or materials shall,* upon appli-
cation and furnishing affidavit to the obligee that such
labor or materials have been supplied and payment not
been made, *be furnished with a certified copy of said
contract and bond upon which he shall have a right of
action for his use and benefit against said contractor and
the sureties thereon and to prosecute the same to final
judgment and execution.''* (Emphasis supplied.)

In United States Fidelity & Guaranty Co. v. Mobley,
143 Miss. 512, 108 So. 501, the Court had under consid-
eration Chapter 217, Laws of 1918, now Sec. 9014, et seq.,
Code of 1942, Rec. The opinion, in recognizing the right
of a supplier of materials to recover said: ''So it will
be observed that the chapter provides an express method
of procedure to recover against a contractor and his
surety by any person who has furnished labor or mater-
ial in the construction of the work.''

In United States Fidelity & Guaranty Co. v. Plumbing
Wholesale Co., 175 Miss. 675, 166 So. 529, the question
was whether a judgment of the Lauderdale County court
was res judicata because the appellee declined to inter-
vene in that court. The opinion, in saying that the Lau-
derdale County judgment was void on its face, pointed
out the necessity for publication either following a com-
pletion, or an abandonment, of a contract, and said:
''The time set is not alone a statute of limitation; *it
confers a cause of action against the surety where none
existed before.''* (Emphasis supplied.)

■■ ■ It seems clear that the legislature fully pur-
posed and intended to give to a person, who has furnished
labor or materials in the construction of public works,
the right to recover on the bond of the contractor. To
that end, a cause of action is created for such person,
with the right to sue the surety on the bond direct. This
statutory provision is in line with the principle announced
in 50 Am. Jur., Suretyship, Sec. 175, p. 1018, as follows:
''Where, by the terms of the contract, the obligation of

the surety is the same as that of the principal, then as soon as the principal is in default, the surety is likewise in default, and may be sued immediately and before any proceedings are had against the principal." See also Marquette Cement Manufacturing Co. v. Fidelity and Deposit Company of Maryland, 173 Miss. 164, 158 So. 924, where it was held that the contractor, Rowan, was not a necessary party to the suit against the surety on his performance bond.

The applicable part of Sec. 253, Code of 1942, Rec., is as follows: "Any person bound as surety or accommodation indorser for another, may, at any time after the debt has become due or liability been incurred, give notice in writing to the creditor to commence and prosecute legal proceedings against the principal debtor, if living and resident within this state, for the recovery of the debt; and if the creditor fail to commence legal proceedings by the next term of the court in which the same shall be instituted, to be held after the expiration of thirty days from the giving of the notice, and to prosecute the same to effect, the surety who shall have given the notice shall be discharged from liability."

The appellant cites Smith v. Clopton, 48 Miss. 66, and First National Bank of Gulfport v. Rau, 146 Miss. 520, 112 So. 688. In these cases, a surety, in the first instance, and an accommodation endorser, in the second instance, acting under the provision of Sec. 253, supra, after the notes were overdue, demanded of the payees that they commence and prosecute actions against the principal debtors. This Court held that they had the right, under said Sec. 253, to make such demands.

But, in the present case, Dixie was the contractor. It and Standard Accident, as surety, executed the performance bond. The State of Mississippi was the obligee. At the time of the execution of the bond, obviously Perry was not a subcontractor and Standard Oil Company had not become his creditor.

In 50 Am. Jur., Suretyship, Sec. 82, p. 963, it is said that "the right of a surety to compel the creditor or obligee to sue the principal is not generally recognized as a common-law right. So, generally speaking, if the surety is to be released by the creditor's failure to sue the principal when requested by the surety, it must be by force of statute."

■■■ The Court intends in no way to impair the validity of Sec. 253 where that statute is applicable. But, since the section finds no support in the common law and provides for a discharge from liability under contractual relations, it must be strictly construed and not extended so as to include matters for which it was not intended.

■■■ In view of the fact that Standard Oil, as a supplier of materials, had succeeded to a cause of action against the bond of the contractor and had the right to sue the surety thereon, the Court is, for the reasons above stated, of the opinion that Sec. 253 has no application in this case.

Consequently the judgment of the trial court must be affirmed.

Affirmed.

*Gillespie, McElroy, Rodgers,* and *Jones, JJ.,* Concur.