364 So.2d 667 (1978)
The TRAVELERS INDEMNITY COMPANY
v.
MUNRO OIL & PAINT COMPANY.
No. 50745.
Supreme Court of Mississippi.
November 22, 1978.
Daniel, Coker, Horton, Bell & Dukes, Pete H. Carrubba, Gulfport, for appellant.
Rushing & Guice, William Lee Guice, III, Biloxi, for appellee.
Before SMITH, WALKER and BROOM, JJ.
BROOM, Justice, for the Court:
Performance and payment bond of a surety (Travelers Indemnity Company: appellant), executed on its co-defendant, Howard L. Byrd, Contractor, Building Services, Inc. (Byrd herein), is the subject matter of this appeal. Munro Oil & Paint Company (plaintiff) sued the contractor alleging that Byrd owed plaintiff for merchandise (petroleum products) furnished the contractor which Byrd used on the Hancock County Port and Harbor Authority construction job. Travelers, as surety, was also made defendant to the plaintiff's amended declaration in the County Court of the Second Judicial District of Harrison County. Byrd made no answer or appearance and suffered a default judgment for $579.71. After taking the default judgment against Byrd, the plaintiff introduced documentary evidence as to the amount owed and rested, whereupon Travelers moved for a directed verdict, which motion was overruled. Travelers declined to put on any proof, and judgment was entered against it. An appeal was taken by Travelers to the Circuit Court *668 of the Second Judicial District of Harrison County, which affirmed the county court judgment. We reverse.
The record clearly shows that the suit is one concerning materials furnished by Munro to Byrd under a public works contract and bond. There is a condition precedent to any liability of Travelers (surety) to the plaintiff, which condition is that Byrd wrongfully failed to pay for materials furnished by plaintiff in the performance of the public works contract. Public works contracts and surety bonds are within the purview of Miss. Code Ann. § 31-5-1 (1972) et seq. In this case the contract and bond of Travelers specifically state that their purpose is to guarantee payment on a specific public works project, and in this case the obligee of the bond is Hancock County.
Pertinent here and dispositive of this suit is Miss. Code Ann. § 31-5-13 (1972), which provides as follows:
In all suits instituted under the provisions of this chapter, notice of the pendency of such suits shall be made by publication in some newspaper of general circulation published in the county or town where the contract is being performed, and if there be no such paper, then in a paper having a general circulation therein, for at least three weeks, the last publication to be at least one week before the trial of said cause. In all such suits the parties interested shall be summoned as provided by section 85-7-145.
This statute has been in force and effect for many years and was construed in U.S.F. & G. v. Mobley, 143 Miss. 512, 108 So. 501 (1926), which held that "the essentials of the statute (now § 31-5-13) must be pleaded and proven by the plaintiff." One of the essentials of the statute obviously is that "notice of the pendency of such suits shall be made by publication in some newspaper... ." In U.S.F. & G. v. Mobley, supra, there was a lack of such publication and the court said that such failure "was fatal error." Our opinion in that case further said:
This notice seems to be in the nature of due process, and whether the failure to publish the notice in Jefferson county was pleaded in abatement, or called to the attention of the court in any other way, cannot be deemed a waiver, for the reason that the statute requires that there be but one suit, and that the necessary parties are to be brought in by such publication, and therefore no valid decree could be rendered under the statute unless its essential requirements are complied with by the court.
See also, Standard Acc. Ins. Co. v. Standard Oil Co., Inc., in Kentucky, 242 Miss. 11, 133 So.2d 539 (1961), wherein Justice Lee, writing for the court, pointed out the necessity for publication "either following a completion, or an abandonment, of a contract, and said: `The time set is not alone a statute of limitation; it confers a cause of action against the surety where none existed before.' (Emphasis supplied.)"
In this case the plaintiff failed to either plead or prove the publication required by § 31-5-13, supra. At the trial level Travelers made no challenge of the lack of publication under § 31-5-13, but, as held in U.S.F. & G. v. Mobley, supra, such deficiency cannot be waived by failure of the surety to plead such a failure, or argue it in the lower court. The statutory requirement of publication is jurisdictional in nature and therefore may be raised here even though not raised in the assignment of error to the circuit court. Williams v. Michael, 319 So.2d 226 (Miss. 1975). It follows, therefore, that the case must be reversed and remanded to the county court, and at retrial compliance (in pleading and proof) will be required of the plaintiff with our statutes dealing with public works contracts. Argument is also made that substitute process served upon the Secretary of State is not valid, but the record is not clear in this regard. The case is being reversed for reasons stated and at retrial care will be taken to insure that process upon all necessary parties is in proper order.
REVERSED AND REMANDED.
*669 PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.