In re MAINE MARINE CORPORATION f/k/a Lincoln Canoes, Inc., Debtor.

Philip E. STULTZ and Paul L. Stultz, sometimes d/b/a P & P Leasing, Plaintiffs,

v.

Frederick A. TASKA, Defendant.

Bankruptcy No. 281–00456.
Adv. No. 282–0046.

United States Bankruptcy Court, D. Maine.

May 25, 1982.

Kathleen Barry, Drummond, Woodsum, Plimpton & MacMahon, P. A., Portland, Me., for plaintiffs.

Robert J. Keach, Verrill & Dana, Portland, Me., for Frederick Taska.

George Marcus, Portland, Me., for debtor.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

Plaintiffs Philip E. Stultz and Paul L. Stultz (Stultz) commenced a civil action in Maine District Court to enforce a guarantee of debtor's note by defendant, Frederick A. Taska (Taska).[1] Debtor was not named in that State Court litigation, and Stultz maintains that under Maine law the obligation of a guarantor is independent of the principal's obligation. Defendant, by verified application, sought to remove the State Court civil action to this Court, and plaintiff filed a motion to remand asserting that "Plaintiffs' civil action against Defendant is not a case arising under Title 11 of the United States Code and is not sufficiently related to a case arising under Title 11 of the United States Code to be under the jurisdiction of the ... Bankruptcy Court

pursuant to 28 U.S.C. § 1471(a), (b) and (c)."

At the hearing on the motion to remand, the parties consented to the Court's jurisdiction. Jurisdictional questions, however, can be raised at any time by the Court on its own motion. *In re Curtina International,* 15 B.R. 993, 5 C.B.C.2d 1474, 1477 (Bkrtcy.S.D.N.Y.1981). This Court is satisfied that subject matter jurisdiction cannot be conferred by agreement of the parties.[2] Jurisdiction is conferred upon this Court by the provisions of 28 U.S.C. § 1471:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all the property, wherever located, of the debtor, as of the commencement of such case.

---

1. Taska was guarantor of a note of Taska, Incorporated, which was the predecessor to Maine Marine Corporation, debtor in this Chapter 11 proceeding. Taska is the principal shareholder, and an officer of debtor.

2. *See In re Curtina International,* 15 B.R. 993, 5 C.B.C.2d 1474, 1477 (Bkrtcy.S.D.N.Y.1981) (Court cannot entertain adversary proceeding

where no jurisdictional basis for action even though no party objected or raised jurisdictional issue). Bankruptcy Rule 915(a) does not extend the Court's jurisdiction over subject matter. *See* Bankruptcy Rule 928; 2 *Collier Pamphlet Edition, Bankruptcy Rules,* Rule 915 Bankruptcy Act—Comment and 1978 Bankruptcy Code—Comment at 279 (1979).

428

The Court finds that the instant case is a civil proceeding related to a case under title 11, see id. § 1471(b), and, therefore, that this Court has jurisdiction. Plaintiff may be correct in asserting that under Maine law a suit against a guarantor, where liability is joint and several, need not name the principal as a defendant.[3] However, defendant correctly notes that should the creditor recover against the guarantor, then the guarantor would be substituted for creditor as claimant against the estate. While the possibility of a simple substitution of claimants alone might not confer jurisdiction upon this Court, here the guarantor is also a director, officer and stockholder of debtor. Because serious questions may arise concerning possible equitable subordination of the guarantor's claim, see 11 U.S.C. § 510(c), the court is satisfied that this proceeding is sufficiently related to the title 11 case to confer jurisdiction.

Plaintiff's motion is directed to this Court's discretion to remand a removed case upon "any equitable ground." 28 U.S.C. § 1478(b). This action was removed from state court approximately two weeks after commencement, prior to the filing of an answer and before any discovery was requested. No novel or complex state law issues appear to be involved. The Court finds no compelling equitable grounds favoring remand. Plaintiff's Motion to Remand is denied.

---

**3.** See Levy v. Webster, 106 Me. 500, 76 A. 936 (1910); Standard Accident Insurance Co. v. Standard Oil Co., 242 Miss. 11, 16–17, 133 So.2d 539, 541 (1961); School District No. 65R of Lincoln County v. Universal Surety Co., 178 Neb. 746, 754–755, 135 N.W.2d 232, 237 (1965); Ettlinger v. National Surety Co., 221 N.Y. 467, 469–471, 117 N.E. 945, 946 (1917); 74 Am. Jur.2d, Suretyship §§ 135, 137, 144 (1974).