481 So.2d 292 (1985)
AMERICAN FIDELITY FIRE INSURANCE COMPANY
v.
ATHENS STOVE WORKS, INC., and Greenville Products Company, Inc.
No. 55311.
Supreme Court of Mississippi.
December 4, 1985.
Ron A. Yarbrough, Ott & Purdy, Jackson, for appellant.
*293 William R. Fortier, Fred C. Permenter, Jr., Smith, Elliott, Fortier & Permenter, Ripley, for appellees.
En Banc.
SULLIVAN, Justice, for the Court:
This is an appeal from the judgment of the Circuit Court of Tippah County, Mississippi, dismissing the claim by Athens Stove Works, Inc., ("Athens"), upon a private construction bond for failure to intervene in a previously filed action on the bond, but granting summary judgment to Greenville Products Company, Inc., ("Greenville"), who intervened in the action filed by Athens on the ground that the answer filed by the surety, American Fidelity Fire Insurance Company ("American Fidelity"), raising the defense of the prior action was not timely filed. American Fidelity appeals from the summary judgment granted to Greenville, and Athens cross-appeals on the dismissal of its action against American Fidelity.
On May 26, 1981, Athens Stove Works, Inc. filed suit against American Fidelity Fire Insurance Company and Marko Planning Company ("Marko"), on a private construction bond brought under Mississippi Code Annotated § 85-7-189. Athens alleged that it had provided electric ranges to Marko for use in constructing the bonded project and that Athens had not been fully paid. The next day, Greenville Products Company, Inc. filed a motion to intervene under § 85-7-191 Mississippi Code Annotated (1972), alleging that it had sold to Marko refrigerators for which it had not been fully paid. On June 27, 1981, American Fidelity filed an answer and a demurrer to the complaint of Athens only. The basis of the demurrer was an interpleader suit which was filed in Federal District Court on November 21, 1980. American Fidelity requested an abatement of the suit by Athens pending the outcome of the Federal case, and further argued that because Ripley Elderly Associates had filed a counterclaim in the federal district court, that the federal action represented the first suit against American Fidelity on the bond so that the Athens suit should be dismissed under the "one action only" provision of § 85-7-191.
Over one year later, on October 1, 1982, American Fidelity filed an answer and a demurrer to Greenville's action. In this answer, American Fidelity prayed for an abatement of this action pending the outcome of the federal court action and for the first time raised the existence of a separate state court suit filed by one James Knight in the Circuit Court of Tippah County on January 6, 1981. As to Greenville, American Fidelity alleged that the Knight suit was the first suit against American Fidelity on the bond and that all other claims must be joined in the Knight action. American Fidelity sought to have Greenville dismissed for failure to join in the Knight action. On October 13, 1982, Greenville moved to strike American Fidelity's answer for failure to timely reply to its complaint, to which American Fidelity responded that Greenville was estopped from complaining of the tardy answer because Greenville had not taken a default judgment against American Fidelity prior to the answer.
American Fidelity then filed a motion to dismiss both the Athens and the Greenville actions on February 3, 1983, on the basis that their failure to intervene in the Knight action, in which a final judgment was rendered on January 21, 1983, barred them under § 85-7-191 from maintaining any subsequent suit on the same surety bond. Athens and Greenville replied to the motion to dismiss, contending that strict application of the "one action only" rule would leave them with no other remedy at law.
On September 22, 1983, some seven months after final judgment was rendered in the Knight suit, the circuit judge sustained Greenville's motion to strike American Fidelity's answer for an untimely response, and entered a summary judgment in favor of Greenville against American Fidelity. At the same time, the trial judge dismissed Athens' complaint for failure to join in the Knight action as required by § 85-7-191.
*294 Both American Fidelity and Athens appeal. American Fidelity assigned as error:
(1) The trial court erred in entering judgment against American Fidelity in favor of Greenville because the court lacked subject matter jurisdiction over Greenville's claim.
Athens assigned as error:
(1) The trial court's dismissal of Athens' claim for failure to join in the Knight suit as required by § 85-7-191.

I.

DID THE TRIAL COURT ERR IN DISMISSING ATHENS' CLAIM FOR FAILURE TO INTERVENE IN THE PRIOR KNIGHT SUIT FILED UNDER § 85-7-191?
The private work bond statute, Mississippi Code Annotated § 85-7-185 (1972), et seq., establishes that only one cause of action is permitted against the surety's bond. Mississippi Code Annotated § 85-7-191 (1972) provides:
When suit is so instituted by any person only one action shall be brought and any person entitled to sue may upon application intervene and be made a party to said suit; however, such intervention must occur within the time limited for such person to bring an original action. (emphasis added)
The only case construing this statute is USF&G Co. v. Dedeaux, 168 Miss. 794, 152 So. 274 (1934). This Court stated that:
Section 2279, Code 1930, (predecessor of 87-5-191) provides that but one suit shall be brought under such a bond and that when one person entitled to sue has brought suit, all other persons interested may intervene, and by Section 2281, Code 1930, (predecessor of § 85-7-195), it is enacted that the parties interested shall be summoned as provided by section 2264, Code 1930, (predecessor of § 85-7-145), which is the general section governing the summoning of parties touching controversies respecting statutory liens.
The Dedeaux court pointed out a significant discrepancy between private and public bond actions as follows:
It is not required by the statutes in respect to suits on bonds by subcontractors, the private bonds given by them to the principal contractor, that publication shall be made as mentioned in section 5976, Code 1930, (predecessor of § 31-5-13), which applies only to suits on the public bond given by the principal contractor. Apparently the same reasons exist for the requirement of publication where a private subcontractor's bond is involved, but the Legislature did not so enact and we are not authorized to supply the omission by judicial construction, which, of course, would plainly be judicial legislation. (emphasis added)
Finally, the Dedeaux court noted that:
Since the statute expressly provides that only one suit shall be brought, it follows necessarily that the first suit instituted in a court of competent jurisdiction, competent both as to subject-matter and as to parties, must be the suit which must be allowed to determine all the issues and claims, and, since it appears from the certified exhibits that the chancery court in Lauderdale county had first obtained competent jurisdiction, any subsequent suit should be abated and dismissed, and all the parties remitted to the first suit for the adjudication of their rights under the bond.
168 Miss. at 798-99, 152 So. at 274-75.
Athens contends that as an interested party it should have been summoned in the Knight suit and, as it was not, it was not required to intervene. Athens further argues that American Fidelity was the one party in a position to know how many people have sued on the bond and where, and, therefore, American Fidelity had an affirmative duty to notify both Athens and Greenville of any prior suit.
Prior to amendment in 1962, the identical language was used in the public bonds statute as in the private bonds statute to establish that only one suit may be maintained upon a surety bond. In construing *295 this parallel statute, this Court, in Travelers Indemnity Co. v. Munro Oil and Paint Co., 364 So.2d 667 (Miss. 1978), noted that the statutory requirement of publication of the pendency of a suit on the public bond is jurisdictional in nature and therefore may be raised on appeal, even though not raised in assignment of error to the circuit court. This Court cited U.S.F.&G. Co. v. Mobley, 143 Miss. 512, 108 So. 501 (1926), to the effect that lack of such publication constitutes fatal error:
This notice seems to be in the nature of due process, and whether the failure to publish the notice in Jefferson County was pleaded in abatement, or called to the attention of the court in any other way, cannot be deemed a waiver, for the reason that the statute requires that there be one suit, and that the necessary parties are to be brought in by such publication, and therefore, no valid decree could be rendered under the statute unless its essential requirements are complied with by the court. Id. at 518, 108 So. at 502.
Munro, 364 So.2d at 668.
As Dedeaux cogently points out, no logical reason exists for imposing a publication requirement for suits on a public bond but not imposing a publication requirement for suits on a private bond. Only § 85-7-195 addresses the question of summoning interested parties in a private work bond statute. This section does not impose upon any one party the obligation of insuring that interested parties are summoned; it only provides that the interested parties may be summoned as provided by § 85-7-145 which permits summons by publication for non-resident or absent or unlocated defendants.
In the final analysis, Athens had important rights that were subject to adjudication and prejudice in the Knight suit. Before one may be judicially deprived of an important right, one must be given (a) reasonable advance notice of a hearing at which (b) one is afforded a meaningful opportunity to assert and defend that right. See, e.g., Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); In Re Validation of $7,800,000 Combined Utility System Bonds, 465 So.2d 1003, 1018 (Miss. 1985); Covington v. Covington, 459 So.2d 780, 782 (Miss. 1984). The statutory scheme found in the private bond statute falls short of conformity with this standard of hornbook constitutional law. The same may be said of the manner in which the statute has been applied in this instance.
We hold that the trial judge erred when he dismissed Athens' separate action on grounds that Athens was barred by its failure to intervene in the Knight suit. On these facts, Athens was not given constitutionally adequate notice of the Knight suit.
We are not presented today with the question of the precise manner in which claimants must be notified of the pendency of the first action on a private bond and of their right to intervene. Nor need we confront the question of who has the burden of providing that notice. Sufficient unto the issue presented to us is our holding that the notice received by Athens  at best a last minute "stumbled on" notice  was not on these facts constitutionally adequate.

II.

DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN ENTERING SUMMARY JUDGMENT AGAINST AMERICAN FIDELITY IN FAVOR OF GREENVILLE?
This case was brought prior to January 1, 1982, the effective date of Mississippi Rules of Civil Procedure. Therefore, the applicable rule governing the time within which the defendant shall file his answer or demur is Mississippi Code Annotated § 11-7-121 (1972), which provides that:
(1) The defendant shall plead on or before the first day of the term to which the process is returnable or within thirty days after service of process, whichever would cause the pleading to be filed earlier, or within such other time as the court by rule or otherwise may allow; and for *296 want of plea, judgment may be entered by default.
Under either measure of time, American Fidelity's answer raising the defense of the Knight action against Greenwood was not timely made. The summons served on American Fidelity on June 8, 1981, notified it of the suit filed on behalf of Greenville and commanded it to plead to the declaration filed by Greenville on or before the next term of the circuit court of Tippah County, which convened on the fourth Monday in September, 1981, or September 28, 1981. Over one year after the proper time for answering the Greenville declaration had expired, American Fidelity filed its answer raising the defense of the priority of the Knight action on the bond. No leave of court was granted to American Fidelity for additional time to plead or for an answer to be filed after time had expired.
American Fidelity concedes that its answer was not timely filed, but argues that the summary judgment[1] in favor of Greenville was void because the court lacked subject matter jurisdiction over the bond, since the Knight action was the first to be filed on the bond.
American Fidelity misperceives the nature of the one-action-only rule. Even if we assume that all were required to intervene in the Knight case, this does not mean that the circuit court lacked subject matter jurisdiction of the Athens suit or the claim in intervention there filed by Greenville.
The existence of subject matter jurisdiction  the authority to hear a given type of case at all  turns on the well pleaded allegations of the complaint which are taken as true. Luckett v. Mississippi Wood, Inc., 481 So.2d 288, 290-291 (Miss. 1985). Here the declaration of Athens certainly stated a claim within the jurisdictional competence of the circuit court. The same may be said of Greenville's claim; considered independently it stated a claim within the circuit court's subject matter jurisdiction.
The one-action-only rule is in the nature of an affirmative defense which may be asserted by any party wishing to take advantage of it  usually the surety. But when the one-action-only defense is sustained, this is because the defense in the nature of a plea in bar is held good, not because the court lacks subject matter jurisdiction over a second suit. Indeed, it would seem the court had to have subject matter jurisdiction to have the authority to sustain the one-action-only defense. We do not construe any of our prior cases as suggesting to the contrary. See USF&G Co. v. Dedeaux, 168 Miss. 794, 152 So. 274 (1934) and Euclid-Mississippi v. Western Casualty and Surety Co., 249 Miss. 547, 163 So.2d 676 (1964).
American Fidelity's jurisdictional argument being without merit, we find that the summary judgment entered in favor of Greenville must be affirmed. In fact, American Fidelity makes no other complaint regarding the Greenville summary judgment and all but concedes that it was properly entered if the circuit court had subject matter jurisdiction.
We, therefore, affirm the summary judgment of the circuit court in favor of Greenville and against American Fidelity. We reverse the circuit court's judgment in favor of American Fidelity as to Athens' claim and remand for further proceedings consistent with this opinion.
AFFIRMED ON DIRECT APPEAL, REVERSED ON CROSS-APPEAL AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.
NOTES
[1] Though not raised on appeal, this action was brought prior to the adoption of the Mississippi Rules of Civil Procedure and summary judgment would not ordinarily lie. The parties, however, have wholly acquiesced in the applicability of Rule 56, M.R.C.P. See Brown v. Credit Center, Inc., 444 So.2d 358, 361-62 (Miss. 1983).